## MORRISON v. THE STATE.

1. In order to render penal a sale by a tenant of personalty which is subject to a landlord's lien for rent and advances, it must appear that such sale was made without the consent of the landlord, with intent to defraud him, and that in consequence of such sale he sustained a loss.
2. It was, on the trial of one accused of violating the provisions of Penal Code, §672, erroneous to charge that if a tenant was indebted to his landlord for rent or supplies, and if being so indebted he sold crops raised on the rented premises without the consent of the landlord, and to his injury, and if loss accrued to the latter by reason of such sale, the accused would be guilty; the vice of the charge being that it failed to state that, in order to render the accused guilty, it should appear that the sale was made with intent to defraud the landlord.

Argued July 16, — Decided August 7, 1900.

Indictment for misdemeanor. Before Judge Reese. Hart superior court. March term, 1900.

*Asbury G. McCurry*, for plaintiff in error.

*R. H. Lewis, solicitor-general*, by *Harrison & Bryan*, contra.

LEWIS, J. The accused was tried, in the superior court of Hart county, under an indictment charging him with the offense of a misdemeanor, for that he "unlawfully, wrongfully, and fraudulently, after having made a rent contract for the year 1898 with one R. T. Buffington, on which rent contract he was due said R. T. Buffington twenty-nine and 31/100 dollars, for rent and advances made upon the crops grown upon said rented land, for which he was due the said R. T. Buffington, landlord, on a landlord's lien, [did] sell and otherwise dispose of a bale of cotton grown on said rented premises before the payment [of] the landlord's lien, without the consent of, and with the intent to defraud, said R. T. Buffington, the landlord, and loss was sustained by said R. T. Buffington in the sum aforesaid." The jury returned a verdict of guilty; whereupon the accused made a motion for a new trial, which was overruled, and he excepts. This indictment was founded upon section 672 of the Penal Code, which provides that the provisions of the preceding section (671) shall be extended to and include liens for rent and advances made upon crops, by landlords, employers, or others, as authorized by law. A violation of the provisions of this section shall be a misdemeanor. Section 671 referred to above provides: "If any person, after having made a mortgage deed to personal property, shall sell or otherwise dispose of said property before the payment of the mortgage debt, without the consent of, and with intent to defraud, the mortgagee, and loss shall thereby be sustained by the holder of the mortgage, the offender shall be punished as for a misdemeanor." In one of the grounds of the motion for a new trial error is alleged upon the following charge of the court: "If you believe, under the law as given you in charge, and the evidence in this case, beyond a reasonable doubt, that this defendant sold crops raised upon the premises rented from Buffington for the year 1898, without his consent and to his injury, and that loss accrued to him by such selling of the cotton alleged to have been disposed of and sold by him, being indebted for rent or supplies to Buffington at the time of selling the same, I charge you he is guilty, and you should so find." Error is alleged further upon the following charge of the court: "It is wholly immaterial to you, in considering this case,

whether this defendant disposed of the crop for the payment of any other debt, either with or without the consent of Buffington, provided you believe that after such disposition there was any of the crop left which he, without the consent of Buffington, sold, being then in debt to the landlord Buffington for supplies or rent, and loss accrued to Buffington." The ground of objection set forth in the motion to these charges of the court was, that they were not the correct law of the case, and should have been qualified by instructions that such sale, to render defendant guilty, must have been made with intent to defraud the landlord. In the bill of exceptions it is alleged that, upon the hearing of the motion for a new trial, in addition to the amendment allowed by the court, defendant duly offered an additional ground, to wit: "The court, as movant contends, should, in addition to the other elements necessary to make out the case for the State, have instructed the jury that, before they would be authorized to find the defendant guilty, they must be satisfied beyond a reasonable doubt that the sale, of the crop on which the landlord had a lien was done by defendant with intent to defraud the landlord, and the court nowhere in his charge instructed the jury that before they would be authorized to find the defendant guilty they must be satisfied beyond a reasonable doubt that such sale was made with intent to defraud the landlord." The court refused to allow that amendment, but struck the same, holding that inasmuch as the entire charge would go up in the record, this amendment was unnecessary for a proper review of the case by the Supreme Court, upon which ruling defendant assigns error.

We have carefully examined the entire charge of the court, and fail to discover in it that the court gave any instructions whatever to the effect that they must believe that defendant's intent was to defraud the landlord, before they would be authorized to convict him. Hence we think that the amendment refused by the court should have been allowed, as none of the other grounds of the motion for a new trial specifically set forth that the court failed entirely to give such instructions to the jury in other portions of the charge. We make no special ruling in the headnotes on this point, but in this opinion refer to it and the entire charge of the court with the view of showing

that, even upon the amendments to the motion for a new trial above quoted as allowed, the court should have granted a new trial; and, in the light of the record, the principle decided in the headnotes necessarily controls the case. There is no question that one of the elements necessary to constitute this offense is an intent by a defendant to defraud his landlord, for all the provisions in Penal Code, § 671, are adopted by the law making the crime charged in this indictment a misdemeanor; and among these provisions it is expressly stipulated that the defendant shall not only sell or otherwise dispose of the property before payment of the debt, without the consent of the mortgagee (landlord in this case), but he shall do it with intent to defraud. We can not say that the evidence in the present case absolutely demanded a finding by the jury that there was an intent on the part of the accused to defraud. To say the least of it, it is clearly inferable from his statement that there was no such intent; and it was contended with some plausibility by his counsel that even the evidence in behalf of the State was not clear and definite enough to demand a finding, if they believed all of the State's witnesses, that the accused was guilty of a fraudulent sale of this property. We express no opinion on the general ground that the verdict was contrary to the evidence, nor do we mean to intimate that there was not sufficient evidence to sustain a verdict of guilty had the court committed no error in the omissions to charge of which complaint is made. It is sufficient simply to decide that we can not say the evidence demanded a verdict of guilty, and, therefore, the failure to enlighten the jury upon the law touching a valid defense to the charge in the indictment is reversible error.

*Judgment reversed.    All the Justices concurring.*