## 437.  DENNEY v. THE STATE.

The gist of the offense under the Penal Code, § 671, is the fraudulent sale
   or disposition of mortgaged personal property, and loss thereby sus-
   tained by the mortgagee.  The statute requires proof of both elements
   of the offense.  Loss, in its legal sense, was not shown, where the only
   evidence on the subject was the general statement by the prosecutor
   that he had lost "a good deal of valuable time, and had to employ a
   lawyer to foreclose the mortgage," without stating the value of such
   time, or the amount paid or promised the lawyer for his services.

Indictment for unlawful sale of mortgaged property, from
Rabun·superior court—Judge Kimsey.  March 11, 1907.

Submitted May 27,—Decided June 19, 1907.

*W. S. Paris,* for plaintiff in error.

*W. A. Charters, solicitor-general,* contra.

HILL, C. J.  The plaintiff in error was convicted, in the
superior court of Rabun county, of the wrongful sale of mort-
gaged property in violation of the Penal Code, §671.  There was
no conflict in the evidence on the trial, and the following facts
were shown:  The prosecutor indorsed a note for the plaintiff
in error for $150, to enable him to borrow this sum from one
Hilliard York.  To indemnify the prosecutor as surety on the
note, the plaintiff in error executed a mortgage to him on two
mules.  The prosecutor testified:  "I took the mortgage to indem-
nify me and save me harmless from loss in the event I had to
pay the note we gave to York."  The plaintiff in error failed to
pay the note at maturity, and York brought suit thereon, recov-
ered a judgment against both principal and surety, and had an
execution issued and levied on the property of the plaintiff in
error, who was the maker of the note, and sold it, but the
amount realized failed to satisfy the execution in full.  There-
upon the prosecutor foreclosed his mortgage, and, the sheriff fail-
ing to find the mortgaged property, the prosecutor indicted the
plaintiff in error.  After the indictment had been returned by
the grand jury, the plaintiff in error paid off the balance of the
debt for which the prosecutor was liable as surety.

The only evidence as to the prosecutor's loss was the following
statement made by him:  "I suffered loss by the sale of the
mortgaged property.  I lost a good deal of valuable time, and I
had to employ a lawyer to foreclose the mortgage."  The proof

failed to show the value of the prosecutor's time in dollars and cents, or that he paid a lawyer anything to foreclose the mortgage. It may be remarked, as illustrating the question of intent, that the defendant told the prosecutor that he had sold the mules. We think that under this evidence the conviction of the defendant was wholly unsupported, and therefore contrary to law. The gist of the offense, under this section of the code, is the fraudulent sale or disposition of mortgaged personal property, and loss thereby sustained by the holder of the mortgage. In other words, there must be a fraudulent sale and consequent loss, before this offense exists. The first element of the offense might have been inferred in this case from the fact that the sheriff failed to find the property which had been mortgaged to indemnify the surety against loss; but the evidence utterly fails to show that the sale of the mortgaged property resulted in any loss to the surety. If the evidence shows that the prosecutor, as such surety, incurred any pecuniary loss in prosecuting his remedy against the mortgagor, or in protecting himself as such surety, this would be such loss as would be covered by the statute; but the general statement that the only loss incurred by him was that of his valuable time, and the employment of a lawyer to foreclose the mortgage, where the proof fails to show definitely the pecuniary loss in some amount to the prosecutor, such general statement of loss is entirely too indefinite, vague, and uncertain to constitute proof of loss as intended by this penal statute. Under the undisputed evidence, the mortgage in this case was given to the surety to indemnify and save him harmless from loss in the event he had to pay the note upon which he was surety; and the evidence showed that this contingency never happened; for the entire debt was fully paid by the maker of the note, and the surety incurred no loss whatever in connection with his suretyship.

For the reasons above stated, we conclude that the court erred in not granting the defendant a new trial.

*Judgment reversed.*