3380.   SCHLEY v. THE STATE.

HILL, C. J.   No error of law is complained of, and the evidence for the prosecution fully supports the verdict.   The accused introduced no evidence, and his statement to the jury fully authorized the inference that his claim that the bottle of whisky was a loan was simply a pretext for what was in fact a sale.                    *Judgment affirmed.*

DECIDED JUNE 7, 1911.

Accusation of sale of liquor; from city court of Swainsboro—Judge Daniel.   February 20, 1911.

*S. J. Tyson, Augustus F. Lee,* for plaintiff in error.

*A. S. Bradley, solicitor,* contra.

---

3387.   WRIGHT v. THE STATE.

HILL, C. J.   In order for a mortgagor's sale of mortgaged property to be an offense, under section 720 of the Penal Code (1910), three essential facts must appear:   (1) That the sale was made without the consent of the mortgagee;   (2) that it was made with intent to defraud the mortgagee;   and   (3) that loss was thereby sustained by the holder of the mortgage.   *Reece* v. *State,* 5 *Ga. App.* 663 (63 S. E. 670), and cases there cited.   The evidence in this case is not clear as to the first essential stated; and it is shown that even if the sale of the property was made, it was made without any intent to defraud the mortgagee, and that the mortgagee in fact sustained no loss thereby.   *Denney* v. *State,* 2 *Ga. App.* 146 (58 S. E. 318).                    *Judgment reversed.*

DECIDED JUNE 7, 1911.

Accusation of selling mortgaged property; from city court of Jefferson—Judge Stark.   January 6, 1911.

*John B. Gamble, P. Cooley,* for plaintiff in error.

*W. H. Quarterman, solicitor,* contra.