### 4279. Thompson v. The State.

PER CURIAM. 1. The brief of the evidence which is made a part of the record in this case contains some superfluous matter, such as objections of counsel, rulings on testimony, and colloquies between court and counsel. Where there is apparently a bona fide effort to brief the evidence in compliance with the statute on that subject, this court will not refuse to consider it, unless it appears that the violation of the statute requiring a proper brief of the evidence is of a flagrant character; and such is not the case as to the brief of the evidence in this record.

2. On the trial of an accusation against a tenant, charging him with selling and otherwise disposing of his crop before the repayment of advances made to him by the landlord, it is necessary to show the existence of this relationship; that the tenant did sell or otherwise dispose of a portion of his crop before the payment to the landlord, and without the landlord's consent, with intention to defraud the landlord; and that the landlord suffered loss by the illegal disposal of the crop by the tenant. Two essential elements of the offense are the intent to defraud by the tenant and the consequent loss or damage to the landlord. The following charge of the court to the jury was erroneous:

"It is a violation of the law, where a tenant sells or otherwise disposes of any part of the crop raised by him on rented land upon which the landlord has a special lien, without first discharging such lien or getting the landlord's consent. These are the issues which you are to determine." This instruction left out these two essential elements which constitute the offense: the intent to defraud by the tenant, and the consequent loss to the landlord. Penal Code, §§ 720, 721; *Wright* v. *State,* 9 *Ga. App.* 442 (71 S. E. 500).

3. On the trial of an accusation of the offense described in the second headnote, it was error for the trial judge to charge as follows: "I will charge you further, gentlemen of the jury, that in the event you find the defendant did not sell any crops grown on the premises mentioned; that if he did, not with the intention of defrauding Jessup [the prosecutor], and that Jessup gave his consent to sell it, or otherwise dispose of it, that he would not be guilty." The defendant, if he did not possess the criminal intent, could sell or otherwise dispose of the crop without violating the statute, even if he did not have the consent of his landlord.

4. As a general rule, an error in admitting illegal evidence is cured by subsequently ruling it out. This rule, however, is subject to exceptions; for where the illegal evidence may have worked such harm or injury to the accused as to render it probable that its subsequent withdrawal did not heal the injury inflicted by its improper admission, the error would be sufficient ground for the grant of a new trial. The illegal testimony admitted in evidence in this case, although subsequently ruled out by the court, was of such a damaging character to the accused as to render it probable that the original error of the court in admitting the testimony was not cured by the subsequent withdrawal thereof. *McDonald* v. *State,* 72 *Ga.* 55.

5. The evidence tending to show the existence of an intent to defraud on the part of the accused tenant, in making a sale of the crop without paying the landlord for supplies, is not clear or conclusive; and for this reason we the more readily grant another trial for the errors of law ruled on in the foregoing headnotes. *Judgment reversed.*

DECIDED JANUARY 30, 1913.

Misdemeanor; from city court of Eastman—Judge Neese. April 11, 1912.

*W. M. Morrison, D. D. Smith,* for plaintiff in error.

*J. H. Roberts, solicitor, Wooten & Griffin,* contra.