## 25043. DAVIS *v.* THE STATE.

DECIDED APRIL 8, 1936. REHEARING DENIED MAY 1, 1936.

*Rupert A. Brown,* for plaintiff in error.

*Carlisle Cobb,* solicitor, *Stephen C. Upson,* solicitor, contra.

GUERRY, J. ■ G. W. Davis was tried and convicted on an accusation charging him with a violation of the Code of 1933, § 61-9903, as follows: "Any person who shall sell or otherwise dispose of crops upon which there is a lien for rent and advances, before the payment of the rent and advances, without the consent of, and with intent to defraud, the lienor or assignee of the lien, and loss shall thereby be sustained by the lienor or assignee of the lien, shall be guilty of a misdemeanor." The accusation set forth, that "G. W. Davis, . . then and there having contracted with D. R. Freeman, which agreement or contract created the relation of landlord and tenant, for the rental of certain land, and that under said agreement advanced supplies and money to the amount of $143, . . and thereafter, after such advancements had been made to said G. W. Davis, before said tenant Davis had settled with said landlord, and without the knowledge or consent

326

of said landlord, sold 3 bales of said crop of cotton raised on said rented land, to the loss of said Freeman of $94.07, said sale being made with the intent to defraud said landlord." To convict the defendant on this accusation, that is, to make the defendant's sale a violation of the provisions of that section, three essential facts must appear: (1) that the sale made before the rent or advances were paid was without the consent of the landlord; (2) that it was made with the intent to defraud the landlord; and (3) that loss was thereby sustained by the landlord. Unless all three of these things are shown, the defendant's conviction is unauthorized. *While* v. *State,* 24 *Ga. App.* 74 (100 S. E. 39) ; *Wright* v. *State,* 9 *Ga. App.* 442 (71 S. E. 500) ; *Reece* v. *State,* 5 *Ga. App.* 663 (63 S. E. 670) ; *Thompson* v. *State,* 12 *Ga. App.* 201 (76 S. E. 1072) ; *Morrison* v. *State,* 111 *Ga.* 642 (36 S. E. 902) ; *Bell* v. *State,* 14 *Ga. App.* 425 (81 S. E. 253) ; *Farmer* v. *State,* 18 *Ga. App.* 307 (89 S. E. 382). The main argument of counsel for the defendant is that the evidence failed to disclose any facts from which there could legitimately be inferred an intent on the part of the defendant to defraud the landlord by the sale. On this question it might be well to state a few facts disclosed by the evidence taken most strongly for the State. The defendant owed to D. R. Freeman an amount equal to one fourth of the products raised on the farm, as rent; and $138 for supplies and money furnished by Freeman for the purpose of making a crop. He raised three bales of cotton. On or about October 25, Freeman instructed the defendant to bring his cotton to his store, and that he would give him ten cents per pound for it. On October 28, the defendant sold the three bales of cotton to Moss Bonded Warehouses for less than ten cents per pound. The defendant had a check for $30.27 made payable to Freeman, for payment of the rent, and the remainder paid to him in cash. His wife turned the check for $30.27 over to Freeman. The defendant at that time made promises to come to see Freeman and settle for the remainder, which he failed to do. Freeman foreclosed a landlord's lien, which was levied on the defendant's corn and feedstuffs, and from which there was realized one dollar by Freeman, after the payment of costs.

The intent with which an act is committed is not often capable of direct proof. It has always been held to be a question for the

jury, to be drawn from the circumstances of the transaction under investigation. Here is shown a flagrant violation of the Code, § 61-9903. The defendant well knew, at the time he disposed of the cotton, that Freeman had not given his consent to the sale, and that he had not paid to Freeman the amount of the advances made to him for the purpose of making his crop. It might also be said, from the evidence, that the defendant well knew that this was the only means he had of meeting this obligation. Counsel very strenuously contends that the fact that he had a check for $30.17, the amount of the rent, made payable to Freeman, is proof enough that he had no intent to defraud Freeman. In this we can not follow counsel's reasoning. On the contrary it appears to us that this was a fact from which the jury could infer that he intended to pay only the rent, and to appropriate the rest of the proceeds of the sale to his own use, without paying for the advances made, which is clearly covered by the law under which the defendant was indicted. Counsel again says that the defendant formed the intent not to pay for the advances after the sale was made, and therefore that he was not guilty of the crime charged. From what we have said it is clear that the jury were amply authorized to find to the contrary. Nor do we think it true that Freeman, by his acceptance of the check for the rent, ratified the sale and thereby consented to it; for at the very time he took the check he demanded that the defendant come to see him and settle for the advances, which the defendant promised to do but never did. We can come to no conclusion other than that the evidence is amply sufficient to support the verdict.

■ Upon the rendition of the verdict finding the defendant guilty, the court sentenced him as follows: "Whereupon it is considered and adjudged by the court, that the said defendant Geo. W. Davis, do pay a fine of $50, including all costs of this prosecution; and it is further ordered by the court, that said defendant do work in the State prison farm, on the public works for the full term of eight months, to be computed from the time said defendant is set to work on such chain-gang; and it is ordered that said defendant be turned over to the commissioners of roads and revenues of this county, who are required to deal with and dispose of said defendant according to this sentence: It is further ordered by the court, that upon the payment of said fine, and fur-

thermore upon the payment by the defendant of $70 to D. R. Freeman, the prosecutor in this case, as part compensation, for the amount due by said defendant to said Freeman on his landlord's lien for supplies, and upon performance of these two conditions by the defendant, it is expressly ordered that the sentence to the State prison farm, imposed herein, be served outside the confines of said prison farm, so long as the defendant shall not violate any of the penal laws of this State, to be judged of by this court on information received or evidence submitted in open court which shall satisfy the court that the terms of this probation sentence have been violated by the defendant, and until otherwise ordered by the court." It is insisted by counsel for the plaintiff in error, by proper exceptions, that so much of the sentence as provides that the defendant, on payment to Freeman, the prosecutor, of $70 "as part compensation for the amount due by said defendant to said Freeman on his landlord's lien for supplies," may serve his eight-months sentence to the chain-gang outside of the confines of the chain-gang, is void and should be stricken therefrom.

It may first appear to those of a legal turn of mind, that a probation sentence is, to a defendant, a matter of grace and not a matter of right, and therefore a defendant has no right to complain as to what conditions the trial judge in his discretion sees fit to impose upon him, before he can exercise the privilege of serving his jail or chain-gang sentence without the confines of those institutions. This has, in fact, impressed us. However, counsel for the State has not presented this question, and we are content to rest our decision upon the legality of the sentence. The offense of which defendant has been convicted, in degree, is a misdemeanor. The Code of 1933, § 27-2506, provides for punishment in such a case. By § 27-2702 it is provided that if the trial judge shall be satisfied that the circumstances of the case and the public good do not demand or require the defendant's incarceration, if the defendant has been convicted of a misdemeanor or a felony which has been reduced to a misdemeanor by the court on its own motion or upon recommendation of the jury, the "court may mold its sentence so as to allow the defendant to serve same outside the confines of the chain-gang, jail, or other place of detention, under the supervision of the court, *and in such manner and on such conditions as it may see fit.*" (Italics ours.) Under this

section, the judge in the case at bar has seen fit to give the defendant a probation sentence. Against the complaint that the condition is illegal, as violative of that provision of the constitution which provides that "There shall be no imprisonment for debt" (art. 1, sec. 1, par. 21, § 2-121), it is sufficient to answer that the defendant is not being imprisoned for any debt he owes and fails to pay, but is being sentenced to a fine and chain-gang sentence because of his conviction of a crime, which was the fraudulent disposal of property upon which there existed a lien. The probation feature is not a punishment for the crime committed; it is merely a method by which the defendant can relieve himself of the embarrassment consequent upon spending time in the chain-gang. Probation conditions certainly may be imposed, and, unless illegal or unreasonable, should be upheld. We have already pointed out that we do not think the condition here imposed is illegal; and taking into consideration the nature of the crime committed by the defendant, it does not to us seem unreasonable. See, as supporting this ruling, *Swanson* v. *State,* 38 *Ga. App.* 386 (144 S. E. 49); *Roberts* v. *State,* 41 *Ga. App.* 364 (152 S. E. 921). Nothing ruled in *Ray* v. *State,* 40 *Ga. App.* 145 (149 S. E. 64), conflicts with our holding. There it was held that there was no authority of law for a trial judge to provide that the defendant *be discharged* upon payment of something *not a fine.* No ruling was there made as to the authority of a judge to impose a probation sentence on conditions, and as to whether the condition was legal and reasonable.

There was no error in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*