37765. GEORGE *v.* THE STATE.

DECIDED JULY 16, 1959.

*Hicks & Henderson, Claud M. Hicks,* for plaintiff in error.

*Luther C. Hames, Jr., Solicitor-General, Frank Schaffer, Assistant Solicitor-General,* contra.

TOWNSEND, Judge. ■ Code (Ann.) § 27-2711 as amended (See Ga. L. 1958, pp. 15, 23) dealing with probated sentences provides that the court *shall* determine the terms and conditions of the probation, and *may* provide certain terms therein listed. It is contended by the plaintiff in error that since the enumerated special provisions for probated sentences no longer contain, as they formerly did, a provision that the defendant not violate any laws of this State, the court may no longer include such provision as a condition of probation, and that the attempt to do so in this case is therefore void. We do not agree with this contention. Code (Ann.) § 27-2711 is not exclusive in its provisions, but rather places upon the court the authority to set the terms of probation, and thereafter lists certain conditions, such as reparation to an aggrieved person, which the court may impose if he sees fit. The court has authority to impose restrictions not specifically listed therein, and among them the restriction that the defendant shall not violate the penal laws of the State. The defendant here is charged with violation of a penal law of this State—manufacturing illicit whisky. That this is sufficient, see *Foster* v. *Jenkins,* 210 *Ga.* 383 (80 S. E. 2d 277). The motion to dismiss is without merit.

■ The sentences had attached thereto an order of probation signed by the trial court and containing 9 conditions as follows: avoid injurious habits; avoid persons or places of disreputable

character; report to the probation office as directed; permit the officer to visit him; work faithfully at suitable employment; not change present place of abode, move outside jurisdiction of the court or leave the State for any period of time without permission; make restitution for any damage inflicted; support dependents, and violate no penal laws of the State. In *Simmons v. State*, 96 *Ga. App.* 718, 719 (101 S. E. 2d 111) it was held that the probated sentence must show the terms prescribed "so that a violation of such rules and regulations will revoke the parole." To the same effect see *Cross v. Huff*, 208 *Ga.* 392 (67 S. E. 2d 124) where it was held that where the court prescribed no conditions of probation, he could not revoke the probation on the ground that its conditions had not been complied with. Further, where the probation is sought to be revoked, the defendant is entitled to notice, which notice must be sufficient to inform him of the manner in which he has violated his parole and give him an opportunity to defend. *Balkcom v. Gunn*, 206 *Ga.* 167 (56 S. E. 2d 482); *Lester v. Foster*, 207 *Ga.* 596 (63 S. E. 2d 402); *Moye v. Futch*, 207 *Ga.* 52 (60 S. E. 2d 137). The act of 1956 (Ga. L. 1956, pp. 27, 32; Code, Ann., § 27-2713) provides that "the court, upon the probationer being brought before it, may commit him or release him with or without bail to wait further hearing or it may dismiss the charge. If such charge is not at said time dismissed, the court as soon as may be practicable, shall give the probationer an opportunity to be fully heard on his own behalf, in person and by counsel. After such hearing the court may revoke, modify or continue the probation." Since the court cannot revoke a probated sentence unless that sentence has conditions sufficiently definite to be enforceable, and unless those conditions have not been complied with, and since the defendant is entitled to notice and an opportunity to be heard on the charge which is brought against him, it follows that only those alleged violations which are terms of the original sentence, and notice of the violation of which has been given the probationer, may be considered by the court on the hearing to revoke the probated sentence. The notice here, which was contained in the special order of arrest, properly charged the defendant with manufacturing illicit whisky, but

as to that charge no evidence at all was introduced and it was obviously not relied on as a ground of revocation. That leaves the allegations that the defendant was operating a truck loaded with sugar, and that he refused to give the name of the purchaser or seller of the sugar and that he had no bill of lading or bill of sale for the same. These facts might raise a suspicion that the defendant was concerned with whisky operations, but it is no more than a bare suspicion, and is perfectly consistent with the defendant's contention that he was engaged in roofing work and, during a rainy spell, agreed to do some hauling in order to have an income. This court is not aware of any law or regulation having the force of law and none has been cited to us, rendering penal the mere possession of sugar, even in large quantities, or requiring one to divulge the name of the seller and purchaser thereof. Proof of these facts is of itself not sufficient to authorize revocation of the probation order here. The notice contained in the order of arrest also fails to charge the defendant with a violation of that provision of the probation order prohibiting the defendant from leaving the State without permission, so the mere fact that he was stopped in Alabama is not a sufficient ground for revocation. In *Allen* v. *State*, 78 *Ga. App.* 526, 530 (51 S. E. 2d 571) it was stated: "Although the trial court on a hearing for the revocation of probation has wide discretion, and although only slight evidence will support a judgment of revocation, some evidence is required." There being no evidence in this case to support any valid ground of the charge upon which it was sought to revoke the defendant's probated sentence, the judgment of revocation is error.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*