### 38124. GAY *v.* THE STATE.

TOWNSEND, Judge. 1. The provisions of Code (Ann.) § 27-2711 that the court shall determine the terms and conditions of probation and may provide that the petitioner refrain from or do certain enumerated acts is not exclusive but "the court has authority to impose restrictions not specifically listed therein." *George* v. *State,* 99 *Ga. App.* 892, 893 (109 S. E. 2d 883).

2. "While the trial court has a wide discretion in revoking a probated sentence, and while only slight evidence will support a judgment of revocation, some evidence that the defendant violated the terms of his probated sentence *as charged in the notice given him of the revocation hearing* is required." *George* v. *State,* 99 *Ga. App.* 892 (1), supra.

3. Where, in a hearing on a petition and notice seeking revocation of the probationary feature of the defendant's sentence, the notice to the defendant of the time and place of hearing charges that the defendant "violated the terms of said probated sentence by molesting his former wife and her family," and the evidence shows only that he wrote her a somewhat incoherent letter begging to see his infant child, such single act is not a molestation within the meaning of this provision.

While the trial court in revoking the probation undoubtedly took into account other factors, such as that the defendant claimed not to be of sound mind, that another provision of the sentence was that he not communicate with his wife, and that the wife testified to an anonymous telephone call under circumstances such as to raise a suspicion that the defendant was involved, and which, had he been shown to have made or instigated it would have been a definite molestation, such molestation was not proved, failure to abide the provision against communication with the wife was not charged against him, and the fact that he was of unsound mind would not be cause to revoke the probation, but if such is the case it might be that this defendant should be otherwise dealt with for his own and the public good.

The trial court erred in revoking the probationary feature of the defendant's sentence.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 11, 1960.

*J. A. Merritt, Russell Ross, Edwin W. Ross,* for plaintiff in error.

*J. W. Johnson, Solicitor-General,* contra.