## 38204. DINGLER v. THE STATE.

TOWNSEND, Judge. 1. In order that the probationary feature of a sentence may be revoked, the defendant must first have notice and opportunity to be heard. The notice must be sufficient to inform the defendant, not only of the time and place of hearing and the fact that revocation is sought, but of the grounds upon which it is based, and a probation sentence may not be revoked where there is no evidence that the defendant violated its terms in the manner charged in the notice, although there be evidence at the hearing that the defendant violated the terms of his probation in some other manner, as to which no notice was given him. *George* v. *State,* 99 *Ga. App.* 892 (1) (109 S. E. 2d 883); *Gay* v. *State,* 101 *Ga. App.* 225 (113 S. E. 2d 223).

2. The bill of exceptions in this case, which must be accepted as true when there is nothing in the record in conflict therewith, recites that the defendant had previously been convicted and given a probated sentence for the offense of fornication and adultery; that thereafter warrants were issued against him for the offenses of fornication and adultery, and contributing to the delinquency of two minor children, and he was confined in jail; that five days later there was a hearing to revoke the probated sentence and, after receiving evidence, the court revoked the probation on the ground that the defendant had violated the condition of the sentence "that he not violate any of the laws of the State of Georgia." Since there is no complaint that the defendant did not have proper notice, and since warrants were issued against him charging him with two violations of State law, the ground upon which the revocation was entered up, it will be assumed that he had proper notice of this charge. There is, however, no suggestion in the record that the probation was sought to be revoked for failure to abide any of the other conditions of the probated sentence. It follows that whether or not the trial court erred in entering the order of revocation depends only upon whether there was any evidence on the trial of this issue to show that this feature of the probated sentence had been violated by the defendant.

3. The evidence shows that the defendant was boarding with one Ratlief who lived in a house with his sister and her two mi-

nor children; that when peace officers entered the house by virtue of a search warrant they found a man asleep on a bed in the front bedroom; the defendant asleep in a bed in the rear bedroom under the covers; the two minor children lying on top of the covers asleep on that bed, and Ratlief's sister, who was fully clothed but under the influence of intoxicants, sitting on the floor in the same room. The door of the room was open. The defendant testified that there had been no one in the room when he went to sleep in the bed. A search of the house disclosed three or four pints of non-tax-paid liquor, of which Ratlief admitted ownership. There is, accordingly, no evidence whatever to indicate that the defendant was violating any law of this State, which is the only violation of his probation of which notice was given him, and the only one upon which the court acted. There is no evidence in the record that the defendant knew the woman and children were in the room where he was sleeping, or that any immoral or illegal conduct occurred. While slight evidence is sufficient, there must be some evidence that the defendant violated the conditions of his probation as charged against him in the proceeding to revoke. *Allen* v. *State*, 78 *Ga. App.* 526 (51 S. E. 2d 571).

The trial court erred in revoking the probationary feature of the sentence.

*Judgment reversed.* *Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 18, 1960.

*Phillip Benson Ham,* for plaintiff in error.
*Hugh Sosebee, Solicitor-General,* contra.