45423.   HORTON v. THE STATE.

</div>

EVANS, Judge. This case involves the violation by the appellant of a probationary feature of a sentence in which he is charged with having been arrested for possessing and selling non-tax paid whiskey and operating a gambling house. *Held:*

1. In order to revoke the probationary features of a sentence the defendant must have notice and opportunity to be heard, the notice being sufficient to inform him not only of the time and place of the hearing and the fact that revocation is sought, but the grounds upon which it is based. It may not be revoked where there is no evidence that the defendant violated its terms in the manner charged in the notice, even though there be evidence at the hearing that the defendant violated the terms of probation in some other manner as to which there was no notice given. See *George v. State,* 99 Ga. App. 892 (1) (109 SE2d 883); *Gay v. State,* 101 Ga. App. 225 (113 SE2d 223); *Dingler v. State,* 101 Ga. App. 312 (113 SE2d 496).

2. Slight evidence will support a judgment of revocation since the trial court on such a hearing has a wide discretion in considering the evidence against the probationer. *Allen v. State,* 78 Ga. App. 526 (51 SE2d 571).

3. The evidence here is sufficient to show the violation of the following condition of probation: "(9) Violate no local, State or Federal laws and be of general good behavior."

However, the only charge, of which he received notice, was as follows: "IV. That the defendant has violated the terms and conditions of probation in the following particulars: 1. Arrested October 16, 1969, by agents Imes and Darsey on charges of possessing and selling n.t.p. whiskey and operating a gambling house."

The evidence against him is indeed slight, yet the evidence here is sufficient to show he was in possession of a one-half pint of non-tax paid whiskey in a ketchup bottle found in his home on the date alleged. There was also evidence of lottery being conducted in his home as well. Considering the case as to whether slight evidence would be sufficient, since the other evidence, because of the failure to notify him of those charges as a basis for revocation should not be considered, yet there is some evidence that the defendant violated the conditions of his probation as charged against him in the proceeding to revoke. *Allen v. State,* 78 Ga. App. 526, supra.

*Judgment affirmed. Hall, P. J., and Dean, J., concur.*
SUBMITTED JUNE 9, 1970—DECIDED JUNE 26, 1970.

*S. B. Wallace,* for appellant.