### 45514.   FALKENHAINER v. THE STATE.

EBERHARDT, Judge. Appellant was charged by accusation with the misdemeanor offense of taking gasoline from another's automobile. He entered a plea of nolo contendere and was sentenced to four months in the county jail, "said term sentence to be suspended on condition that the defendant does not again violate any law or ordinance and on the further condition that he does not drive a motor vehicle for a period of twelve months from and after this date, and it is further ordered and adjudged by the court that the defendant shall pay a fine of $54.50, and his driver's license is suspended for a period of twelve months from and after this date." Appellant enumerates as error "that part of the sentence . . . revoking appellant's driver's license. . .

Appellant enumerates as error that part of said sentence which revokes and suspends his driver's license. Wherefore, appellant prays that this part of the judge's sentence be corrected and that the said order and judgment of the trial court be reversed as to that portion of the sentence revoking and suspending appellant's driver's license." *Held:*

In *Nelson v. State,* 87 Ga. App. 644 (75 SE2d 39), this court ruled that notwithstanding *Code Ann.* § 92A-9908, which authorizes the trial court to cancel or suspend a driver's license for certain moving traffic violations, a sentence which suspends or revokes the license for a violation under a plea of nolo contendere effects a civil disqualification prohibited by the nolo contendere law (*Code Ann.* § 27-1410) and is to that extent invalid. However, *Nelson v. State,* supra, dealt with a sentence and not with a condition of probation or suspension of the sentence. In *Jones v. State,* 27 Ga. App. 631 (110 SE 33), a probation condition that defendant, who was convicted of driving while intoxicated, not drive an automobile during the term of the probated sentence was held authorized by Ga. L. 1913, p. 112 (later *Code Ann.* § 27-2702), which empowered the trial court to allow the defendant to serve his sentence outside the place of detention "under the supervision of the court, and in such manner and on such conditions as it may see fit. . ." See also *Davis v. State,* 53 Ga. App. 325, 327 (185 SE 400) which upheld, under the same broadly-worded statute, a probation condition that defendant make restitution to his victim. In the latter case it was said: "The probation feature is not a punishment for the crime committed; it is merely a method by which the defendant can relieve himself of the embarrassment consequent upon spending time in the chain-gang. Probation conditions certainly may be imposed, and, unless illegal or unreasonable, should be upheld." P. 329. In *George v. State,* 99 Ga. App. 892 (109 SE2d 883) and *Gay v. State,* 101 Ga. App. 225 (113 SE2d 223), decided after the Statewide Probation Act (Ga. L. 1956, p. 27; *Code Ann.* §§ 27-2702—27-2721), it was held that *Code Ann.* § 27-2711, which provides that "The court *shall* determine the terms and conditions of probation and *may* provide that the probationer shall [do or not do enumerated things]," was

not exclusive in its provisions "but 'the court has authority to impose restrictions not specifically listed therein.' " *Gay v. State,* 101 Ga. App. 225 (1), supra. And we recently stated that "While it is agreed that a suspended sentence does not have the effect of placing the defendant on probation [*Code Ann.* § 27-2714], we see no distinction between a condition imposed for a suspension and one imposed for probation," so that a condition which would be authorized in the case of a probated sentence would be authorized in the case of a suspended sentence. *O'Quinn v. State,* 121 Ga. App. 231 (3) (173 SE2d 409) (one judge not concurring in this view, but concurring in the affirmance of the conviction and sentence on the basis that the question had not been raised in the trial court by motion in arrest or otherwise, the same situation prevailing in the case at bar). And see *Yarbrough v. State,* 119 Ga. App. 46 (3) (166 SE2d 35).

Against this backdrop of authority it might be argued that, under a plea of nolo contendere, revocation of a driver's license may be made a condition of a suspended sentence but may not be made a part of the sentence separate and apart from the conditions. It is not necessary to reach this question in the case at bar, however, for no attack is made on the condition of the suspended sentence that appellant not drive an automobile for twelve months. If the further provision of the sentence that appellant's driver's license be suspended for this time be error, we do not perceive how it is harmful to appellant since he is prohibited in any event from driving for twelve months. The suspension of the driver's license is the means employed to enforce this condition, and the court must of necessity have the power to enforce it if it had the power to make it. We fail to perceive any reversible error as enumerated.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.* SUBMITTED SEPTEMBER 10, 1970—DECIDED SEPTEMBER 22, 1970.

*Ronald F. Adams,* for appellant.
*O. T. Nichols, Solicitor,* for appellee.