## 46411. ROWLAND v. THE STATE.

DEEN, Judge. Defendant appeals from the judgment of the trial court revoking his suspended sentence and probation, and sentencing him to confinement in the State penitentiary for a period of three years. He enumerates as error denial of his motion for continuance, failure to dismiss the second rule nisi, that the terms of the suspended sentence were vague, ambiguous and indefinite, and that the evidence was insufficient as a matter of law to show any violation of probation.

1. "The granting of a motion for continuance is within the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion." *Daniels v. State,* 219 Ga. 381, 384 (133 SE2d 357). Defendant's motion for continuance is based on insufficient notice of the second rule nisi hearing. Defendant appellant was served with a copy of the new rule five days prior to the hearing and there appears to be some conflict as to whether notice was given by telephone to defendant's attorney's office approximately five days prior to the hearing. Appellant's counsel did receive written notice one day before the hearing, represented the appellant at the hearing, and it appears that he was familiar with the charges made in the rule nisi since he had previously represented appellant in cases involved the same circumstances. We cannot say that this denied defendant his right of due process of law. The trial judge did not abuse his discretion in refusing to grant defendant's motion for continuance. It was not error to deny defendant's motion to dismiss the second rule nisi. He contends this places him twice in jeopardy contrary to §§ 26-506 (b) and 26-507 (a) (2) of the Criminal Code of Georgia. A hearing to determine if a person has violated the terms of his suspended sentence is "not a trial on a criminal charge, but is a hearing to determine judicially whether the conduct of the defendant during the probation period has conformed to the course outlined in the order of probation. If the act which violated the probation should happen to be a criminal one, it does not thereby change the character of the hearing." *Dutton v. Willis,* 223 Ga. 209 (154 SE2d 221). Enumeration of errors 1 and 2 are without merit.

2. Are the terms and conditions of a suspended sentence announcing prohibition against indulging in any unlawful, disrespectful or disorderly conduct or habits so vague, indefinite and uncertain that they are incapable of forming the basis for revoking defendant's suspended sentence? That the defendant must "maintain a correct life" was held to be too vague and indefinite (*Morgan v. Foster,* 208 Ga. 630, 631 (68 SE2d 583)), while "not violate the laws of Georgia" is not too vague and uncertain (*Bryant v. State,* 89 Ga. App. 891 (81 SE2d 556)). We hold that unlawful conduct is substantially the same as that conduct which is prohibited by law. Enumeration of error number 3 is without merit.

3. Where there is even "slight evidence" this court will not interfere with a revocation unless there has been a manifest abuse of discretion. *Turner v. State,* 119 Ga. App. 117 (166 SE2d 582). We have thoroughly reviewed the record and transcript and the evidence was sufficient to authorize the revocation. Enumeration of errors 4 and 5 are without merit.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
ARGUED SEPTEMBER 7, 1971—DECIDED OCTOBER 1, 1971.

*Adams, O'Neal & Hemingway, Thomas W. Talbot, Manley F. Brown,* for appellant.
*Fred M. Hasty,* for appellee.