## 48953. CLACKLER v. THE STATE.

STOLZ, Judge. The appellant, who had been serving a three-year probated sentence for aggravated assault, appeals from the order of revocation of his probation. *Held:*

1. The appellant contends that the trial judge erred in failing to give sanction to a previous court order allowing the probationer visiting rights with his children in his wife's custody, by construing the condition of probation, that the probationer not have any more trouble with his wife, as a limitation of his court-ordered visitation rights. The probationer did not offer as evidence the previous visitation order, hence he cannot raise this issue for the first time on appeal. See *Turner v. Smith,* 226 Ga. 448, 449 (175 SE2d 653). "'[A] party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.'" *White v. State,* 230 Ga. 327, 333 (196 SE2d 849) and cits. Moreover, it does not affirmatively appear from the record that the probationer's *reasonable* visitation rights under the previous court order (a copy of which has been filed in this court) were impaired either by the condition of probation or by its construction on the revocation of probation hearing.

2. It is contended that the trial judge erred in overruling the probationer's motion to dismiss the petition for revocation of probation on the ground that the conditon of probation, "not to have any more trouble with his wife," was too vague and

indefinite.

The last sentence of Section 3.2(b) of the American Bar Association's tentative draft of "Standards Relating to Probation," Institute of Judicial Administration (1970), which section is quoted in part in *Inman v. State,* 124 Ga. App. 190, 194 (183 SE2d 413), provides that conditions "should not be so vague or ambiguous as to give no real guidance." Although the trial judge was not limited to the imposition of only those restrictions enumerated in Code Ann. § 27-2711 (Ga. L. 1956, pp. 27, 32; 1958, pp. 15, 23; 1965, pp. 413, 416; *Gay v. State,* 101 Ga. App. 225 (1) (113 SE2d 223)), even "such terms as 'undesirable people' and 'general good behavior' border on the fuzzy and would be open to differing interpretations. . ." *Inman v. State,* supra, p. 194. The condition, not to have any *more* trouble with his wife, is probably open to differing interpretations, ranging all the way from an implication that *more* trouble means trouble similar to that in which he had been involved previously, of which he may be presumed to be aware (*Daniel v. Whitlock,* 222 Ga. 192, 195 (2) (149 SE2d 79)) — to the generalized and impracticable injunction of that trouble with wives that is accepted by some as the common lot of married mankind. It is unnecessary to decide the validity of this condition, however, in view of our holding in Division 3 hereinafter.

3. "[T]he quantum of evidence sufficient to justify revocation of probation is less than that necessary to sustain a conviction in the first instance. *Harrington v. State,* 97 Ga. App. 315, 319 (103 SE2d 126). Only slight evidence is required to authorize revocation, *Sellers v. State,* 107 Ga. App. 516, 518 (130 SE2d 790), and where there is even slight evidence of misconduct, the appellate court will not interfere with revocation unless there has been manifest abuse of discretion. *Rowland v. State,* 124 Ga. App. 494 (3) (184 SE2d 494); *Turner v. State,* 119 Ga. App. 117 (166 SE2d 582)." *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504). The trial judge was not required to accept as true the probationer's testimony denying some or all of the testimony as to his alleged misconduct. *Sellers v. State,* 107 Ga. App. 516, supra.

Although the petition for revocation is not included in the record, the appellant quotes in his brief its allegation, "that the defendant is in direct violation of the special condition of probation order which states that defendant refrain from having trouble with his wife, wife now alleging that *probationer has*

*again assaulted her and her family.* "(Emphasis supplied.) There was evidence that the probationer frequently came around his wife's home, failed to support the children, made numerous threats and telephone calls to his wife, had a hearse sent to her home to pick up her "body," rammed and wrecked automobiles in her driveway, and *physically assaulted her and the children.* Pretermitting the question of the validity of the special condition discussed in Division 2 hereinabove, the above evidence authorized the revocation of probation based upon the ninth general condition of probation, i.e., "Violate no penal laws of any State. . ."

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 17, 1974 — DECIDED JANUARY 31, 1974.

*Rolader, Barham, Davis, Graham & McEvoy, William W. Barham,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Morris H. Rosenberg, Dennis Mackin,* for appellee.