A05A1831. GONZALES v. THE STATE.
(622 SE2d 401)

ANDREWS, Presiding Judge.
Pursuant to our grant of his application for discretionary appeal, Jose D. Gonzales argues that the State failed to satisfy its evidentiary burden under OCGA § 42-8-34.1 (a) and, therefore, the trial court erred in determining that he had violated the terms and conditions of

---

[9] Id. at 367.
[10] Id. Accord *Smith v. State*, supra at 79-80 (2).

his probation by committing a new felony offense (theft by receiving stolen property). We agree and reverse.

Pursuant to OCGA § 42-8-34.1 (b), a court may revoke any part of any probated or suspended sentence if the defendant admits the violation as alleged or if the evidence produced at the revocation hearing establishes the violation by a preponderance of the evidence. "This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court." (Citation and punctuation omitted.) *Cheatwood v. State*, 248 Ga. App. 617, 621 (2) (548 SE2d 384) (2001). Accord *Dugger v. State*, 260 Ga. App. 843 (581 SE2d 655) (2003); *Edwards v. State*, 173 Ga. App. 589, 591 (2) (327 SE2d 559) (1985).

Gonzales was sentenced on February 7, 2003, to five years, probated, for a violation of the Georgia Controlled Substances Act. General condition one of his probation was to not violate the criminal laws of any governmental unit. In November 2004, Gonzales' probation officer filed his petition to revoke, alleging that, on October 27, 2004, Gonzales had committed theft by receiving stolen property.

OCGA § 16-8-7 (a) provides that

[a] person commits the offense of theft by receiving stolen property when he *receives, disposes of, or retains stolen property which he knows or should know was stolen* unless the property is received, disposed of, or retained with intent to restore it to the owner. *"Receiving" means acquiring possession or control* or lending on the security of the property.

(Emphasis supplied.)

The evidence produced at the revocation hearing was that, on October 23, 2004, sometime between 1:00 a.m. and 6:00 a.m., a four-wheel all terrain vehicle (ATV) was stolen from its travel trailer parked at the Garden Lakes residence of its owner, Roger Callahan. A report was filed with the police.

On October 27, 2004, Callahan and a friend, Patrick Earwood, were looking around the Garden Lakes neighborhood for the ATV. On a nearby street, Earwood and Callahan saw an ATV parked on a concrete pad behind the carport of the home occupied by Gonzales, his wife, and her two children.[1] Callahan and Earwood recognized the ATV by extra padding added to it as well as the base of a tree stand Callahan had added. The ATV was covered in mud and part of the tree stand was missing. Earwood knocked on the door and spoke with Mrs.

---

[1] The home was owned by Mrs. Gonzales' mother, who was allowing them to live there temporarily.

Gonzales. Neither he nor Callahan saw Gonzales at the house. When asked about the ATV, Mrs. Gonzales told Earwood that it belonged to one of her 19-year-old son's friends. Mrs. Gonzales told Callahan and Earwood to return later to check with her son. Only Mrs. Gonzales and Josh, a friend of her son, were at the house when Callahan and Earwood came by. Gonzales was attempting to get Mrs. Gonzales' car unstuck down the road from the house.

Police were notified of the presence of the ATV and Officer Barnett responded. He spoke with Callahan and Earwood and then went to the Gonzales' residence. Upon arriving, Barnett was met by Gonzales. Barnett explained that there was a report of a stolen ATV on his property and asked Gonzales if he cared if Barnett looked around the backyard. Gonzales gave his permission and he and Barnett walked around the backyard, but did not find an ATV. As they walked back to the front of the house, Callahan and Earwood drove up and started shouting at Gonzales until Barnett ordered them to leave.[2] On a second walk-through of the backyard with Gonzales, Barnett noticed a small concrete pad which had mud tracks on it, indicating a small framed vehicle had been there. The tracks could be followed through the dirt and leaves. Barnett followed the tracks to the yard next door and saw the handlebars of an ATV sticking up from behind a piece of particle board in a shed. Although the VIN most visible had been scratched off, Barnett was able to find a more obscured one and the ATV was Callahan's.

When asked about the ATV, Gonzales said he had no idea how it got there or whose it was. According to Mrs. Gonzales, there were four or five people at the house, including herself and Gonzales, when the police officer arrived. Although she had attempted to find out who brought the ATV onto the property, Mrs. Gonzales was unable to do so.

At most, the State has shown that Gonzales was in proximity to the ATV. There was no evidence that he was ever in possession or control of the ATV, a necessary element of theft by receiving. E.g., *Buchanan v. State*, 254 Ga. App. 249, 250 (1) (562 SE2d 216) (2002). See *Parker v. State*, 275 Ga. App. 35 (619 SE2d 750) (2005) (mere presence at the scene of a burglary insufficient for revocation of probation); *Young v. State*, 265 Ga. App. 425, 427 (594 SE2d 667) (2004) (insufficient proof of theft by deception for revocation of probation).

Therefore, the trial court's conclusion that this evidence supported revocation based on theft by receiving was clearly erroneous.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

---

[2] Callahan said there was only one vehicle in the Gonzales' driveway the first time he went by, but there were two there when he returned.

Decided October 18, 2005.

*Smith, Price & Wright, Charles G. Price*, for appellant.
*Leigh E. Patterson, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.