### A09A0896. VEATS v. THE STATE.
(685 SE2d 416)

MILLER, Chief Judge.

This Court granted Matthew Veats' application for discretionary appeal of the trial court's order revoking his probation for violating two special conditions of probation following his conviction for child molestation in 1993. Veats now appeals, arguing that the trial court erred in revoking his probation based on his relationship with his girlfriend who has a minor child, his possession of a video entitled "Tromeo and Juliette," and its findings that Veats' conduct violated conditions of his probation. Veats also argues that the trial court erred in ordering him to sign a new sex offender contract despite the fact that there was insufficient evidence to support a probation violation finding. Concluding that the evidence was sufficient to

support a violation of sex offender special conditions #3 and #10,[1] we affirm.

"This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court." (Citations and punctuation omitted.) *Gonzales v. State*, 276 Ga. App. 11 (622 SE2d 401) (2005).

The record shows that in 2003, Veats pled guilty to one count of child molestation and was sentenced to three years to serve followed by seventeen years on probation and was ordered to comply with a sex offender contract. In May 2008, the State filed its petition to revoke Veats' probation for violations of certain sex offender special conditions. Specifically, the petition alleged that Veats violated sex offender special condition #3 ("Special Condition #3") in that "the defendant was found to be living in a residence with a four year old female child, on or about April 30, 2008 in Laurens County" and sex offender special condition #10 ("Special Condition #10") in that "the defendant was in possession of a pornographic video entitled 'Tromeo and Juliette' on or about April 30, 2008 in Laurens County."

At the revocation hearing, Dublin Probation Officer Mark Bowers testified that he conducted a search of Veats' residence on April 30, 2008 pursuant to sex offender special conditions authorizing the same, and found a dress belonging to a minor girl, two Barbie dolls still in their boxes, pictures of a minor child, and a videotape entitled "Tromeo and Juliette." Veats testified that his girlfriend, Heather Conrad, moved in with him in February 2008, but he was unaware that she had a four-year-old daughter until April 29, 2008. He denied that Conrad's daughter ever resided with him or that he had any knowledge of the child's dress and other children's clothing found in his home. He also denied possession of the video.

The State stipulated that the video contained topless female nudity, and the parties also stipulated that the film is "R" rated. The trial court viewed portions of the video which the State and Veats' trial counsel selected as relevant for the hearing. The State characterized the video as a revision of the Shakespeare play, Romeo and Juliet. According to the description in the transcript of the probation revocation hearing, the scenes viewed by the trial court depicted Juliette's father placing her in a plexiglass box and Tromeo then

---

[1] The probation warrant refers to the full provisions of sex offender special conditions #3 and #10, which state:

Violation of Sex Offender Special Condition #3: Probationer shall not reside in a home with persons under 18 years of age, unit[e] with a family unit with children under 18 years of age without prior consent of the Court. Violation of Sex Offender Special Condition #10: Probationer shall not possess any pornographic or sexually-explicit or stimulating printed, photographed, or recorded material.

602

entering the box and engaging in simulated intercourse with Juliette.

The trial court concluded that the evidence was insufficient to support a finding that Conrad's daughter lived in the residence with Veats, and accordingly, found no violation of Special Condition #3 as alleged in the petition. Rather, the trial court found that Veats had violated Special Condition #3 in that he had united with a family with a minor child. Further, the trial court did not find that Veats possessed a pornographic video, but found that it is "sexual in content and therefore it is sexually explicit and that it is obviously sexually stimulating." The trial court then made a written finding that Veats violated Special Condition #10 by possessing sexually explicit material. Based on these findings, the trial court revoked six and a half years of Veats' probation and required him to sign a new sex offender contract.

1. Veats argues that the evidence was insufficient to revoke his probation because the trial court erred in finding (i) that he had knowing possession of a video, the content of which supported a probation violation and (ii) that he united with a family with a child under the age of 18 since he was unaware that his girlfriend had a child. Given that the evidence supported the trial court's finding that the video was sexually explicit and that Veats united with a family with a child under the age of eighteen in violation of two special conditions of probation, we disagree.

"A court may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." OCGA § 42-8-34.1 (b). In a probation revocation hearing, "[o]nly slight evidence is required to authorize revocation." *Clackler v. State*, 130 Ga. App. 738, 739 (3) (204 SE2d 472) (1974).

Veats first argues that he was not in knowing possession of the video and never watched it, as he did not have a VCR or electricity in his home for a three-month period prior to the search. It is well settled that "[a] person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Punctuation and footnote omitted.) *Dugger v. State*, 260 Ga. App. 843, 846 (2) (581 SE2d 655) (2003). Since the video was found in the den of his home, the trial court correctly inferred that Veats had constructive possession of it. Veats' claim that he had not watched the video is irrelevant because Special Condition #10 prohibits the mere possession of sexually explicit material.

Veats also contends that the sexual content of the video failed to

support a probation violation because the scenes depicted were not sexually explicit, sexually stimulating, or pornographic, and did not show hardcore sex or depict children. Inasmuch as the evidence supports the trial court's finding that the video was sexually explicit, we disagree.

During the hearing, the State indicated that Veats was alleged to have violated Special Condition #10 "in that he was in possession of a pornographic or sexually explicit video entitled . . . Tromeo and Juliette. . . ." Upon review of the video, the trial court characterized it as being sexually explicit and sexually stimulating and commented that it contained elements of masochism. While the trial court found that the video was not pornographic, such finding is not dispositive of the question before this Court because Veats does not contend that the State failed to prove the allegations in the revocation petition or that he did not have notice of what conduct was prohibited. Further, Veats' trial counsel did not object to the revocation of his probation on either of these grounds during the hearing. See *Franklin v. State*, 286 Ga. App. 288, 292 (2) (648 SE2d 746) (2007) (defendant could not raise due process issue on appeal because it was not raised in the trial court). Instead, Veats' sole argument is that the content of the video did not support the trial court's finding that it was sexually explicit or sexually stimulating because it did not contain hardcore sex or involve children. In his brief, he argues that "[t]he issue is whether the two scenes submitted by the State constitute sexually explicit or [stimulating] material." Plainly, the trial court correctly concluded that scenes depicting a topless female engaged in acts of simulated sexual intercourse with a male are sexually explicit and sexually stimulating. Given that the evidence supports the trial court's finding that the video was sexually explicit, we conclude that the trial court did not abuse its discretion in revoking Veats' probation.

Even if we exercised our discretion to address whether sufficient evidence existed to support the alleged probation violation, i.e., possession of pornographic material, our conclusion remains the same. With respect to this issue, we examine whether the defendant was given adequate notice of the ground upon which his probation was revoked. See *Dingler v. State*, 101 Ga. App. 312 (1) (113 SE2d 496) (1960); *Kitchens v. State*, 234 Ga. App. 785, 787 (2) (508 SE2d 176) (1998) (probation may not be revoked where there is no evidence that the defendant violated its terms in the manner charged in the notice). We conclude that he was. In fact, Veats concedes in his brief that he had notice of the fact that he was prohibited from possessing any pornographic or sexually explicit or stimulating material and refers to Special Condition #10 as contained in the probation warrant: "Probationer shall not possess any pornographic or sexually-explicit or stimulating printed, photographed, or

recorded material."

Pornography has been defined as "the depiction of erotic behavior (as in pictures or writing) intended to cause sexual excitement." Merriam-Webster's Collegiate Dictionary, Eleventh Edition, p. 966. See also Black's Law Dictionary, Eighth Edition, p. 1199 (pornography is "[m]aterial (such as writings, photographs or movies) depicting sexual activity or erotic behavior in a way that is designed to arouse sexual excitement"). We have so held. See *Focus Entertainment Intl. v. Partridge Greene, Inc.*, 253 Ga. App. 121, 127 (3) (558 SE2d 440) (2001) ("[P]ornography has a historic and clear meaning, i.e., any depiction that was intended or designed to arouse sexual desire."). While the trial court found that the video, taken as a whole, was not pornographic, Veats does not dispute that the word "pornographic" as used in Special Condition #10 failed to give him notice that he was not to possess pornographic material as historically understood and recognized by this Court. Id. Here, the revocation petition sufficiently informed Veats that he was not to possess pornographic material and accordingly, Veats had notice of the ground upon which he was revoked. *Dingler*, supra, 101 Ga. App. at 312 (1). And the trial court found that the video, featuring topless nudity and simulated sexual intercourse, was sexually explicit and stimulating. Given the foregoing and finding no variance between the allegation and the proof, the trial court did not abuse its discretion in revoking Veats' probation. *Gonzales*, supra, 276 Ga. App. at 11; *Goodson v. State*, 213 Ga. App. 283, 284 (444 SE2d 603) (1994).

Veats also contends that the evidence did not support a violation of Special Condition #3 because he was unaware that his girlfriend had a child. We are not persuaded.

While the trial court found that Veats did not reside with a minor child, Veats does not argue that the State failed to prove the ground that was alleged in the revocation petition or that he lacked notice of the specific ground upon which his probation was revoked. Again, Veats was fully aware of the conduct prohibited by Special Condition #3, to which he refers in his brief: "[P]robationer shall not reside in a home with persons under 18 years of age, unite with a family unit with children under 18 years of age without prior consent of the Court." At bottom, Veats contends that he did not knowingly unite with a family having a child under the age of 18.

Here, Veats testified that he and his girlfriend, Conrad, began living together in February 2008, and he first learned that Conrad had a minor daughter on April 29, 2008, the day before his trailer was searched. The trial court did not find Veats' testimony credible on this issue because Veats had known Conrad since February 2008. *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994) (trier of fact

is not obligated to believe any witness and may accept or reject any portion of the testimony). The evidence also showed that Conrad brought a child's dress and Barbie dolls with her when she moved in with Veats, and Veats knew that the child's dress belonged to Conrad's daughter. Based on the foregoing, we conclude that the evidence offered by the State was sufficient to authorize the trial court to find by a preponderance of the evidence that Veats "united with a family with a minor child" in violation of Special Condition #3. *Clackler*, supra, 130 Ga. App. at 739 (3); OCGA § 42-8-34.1 (b). Accordingly, the trial court did not abuse its discretion in revoking Veats' probation based on a violation of Special Condition #3.

2. Veats argues that the trial court erred in ordering him to sign a new sex offender contract. Given our holding of Division 1 that sufficient evidence exists to support a violation of two special conditions, we disagree.

Finding no abuse of discretion (*Gonzales*, supra, 276 Ga. App. at 11), we affirm the trial court's order revoking Veats' probation.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 8, 2009 —
RECONSIDERATION DENIED OCTOBER 27, 2009.

*C. Darrell Gossett, Michelle C. Hamilton*, for appellant.
*Stephen D. Kelley, District Attorney, Rocky L. Bridges, Assistant District Attorney*, for appellee.