## 47920. BOSTON v. THE STATE.

STOLZ, Judge. In this parole revocation case the defendant had been put on twenty years' probation for public drunkenness, aggravated assault, assault with a knife, and robbery by force. One of the conditions of probation was that the defendant "violate no local, State or Federal laws and be of general good behavior." Revocation of the probation was sought on the ground that the defendant had been arrested on September 4, 1972, on charges of cutting another with a knife and drawing a knife.

At the revocation hearing, witnesses for the state offered testimony to the effect that the defendant hit one Larry West in the face with his fist, drew a knife, and chased West into a service station. Witnesses for the defendant offered testimony to the effect that West was the aggressor, that it was West who cut the defendant with a knife, and that the defendant did not have a knife. At the conclusion of the evidence, the trial judge entered an order revoking 1 year and 5 months of the defendant's probation. The defendant appeals. *Held:*

Code Ann. § 27-2713 (Ga. L. 1956, pp. 27, 32; 1960, p. 857; 1966, p. 440) establishes the procedure in cases of this nature. The cases applying this statute are uniform in holding that the quantum of evidence sufficient to justify revocation of probation is less than that necessary to sustain a conviction in the first instance. *Harrington v. State,* 97 Ga. App. 315, 319 (103 SE2d 126). Only slight evidence is required to authorize revocation, *Sellers v. State,* 107 Ga. App. 516, 518 (130 SE2d 790), and where there is even slight evidence of misconduct, the appellate court will not interfere with revocation unless there has been manifest abuse of discretion. *Rowland v. State,* 124 Ga. App. 494 (3) (184 SE2d 494); *Turner v. State,* 119 Ga. App. 117 (166 SE2d 582).

In this case, the evidence, while conflicting, is sufficient to show that the defendant violated at least one of the conditions of his probation. The trial judge did not abuse his discretion and his judgment is affirmed.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED FEBRUARY 12, 1973 — DECIDED MARCH 1, 1973 — REHEARING DENIED MARCH 20, 1973 — ■

*J. R. Cullens,* for appellant.

*David N. Vaughan, Jr., District Attorney,* for appellee.