## 28882. CALHOUN v. COUCH.

INGRAM, Justice.

Appellant, an indigent, pleaded guilty in Baldwin Superior Court on September 8, 1972, to two counts of burglary. He was represented by appointed counsel. The court pronounced sentences of seven years imprisonment in each case and probated the two concurrent sentences in the following language: "As a condition of probation, probationer while thus under the supervision of the court shall pay a fine of Two Hundred Fifty Dollars and restitution to [each of the two victims] *as a condition precedent before this probationary sentence shall become operative.*"(Emphasis supplied.) Appellant began serving his sentences in the custody of the appellee Warden Couch. Subsequently, in August and September of 1973, the appellant's mother made full restitution to the two burglary victims on behalf of appellant, as provided in the sentences, but the $250 fine in each case was not paid. Thereafter, appellant sought release from his confinement by habeas corpus contending that payment of the fines was not a condition precedent to probation.

Appellant further contended that if the sentences are construed to require payment of these fines as a condition precedent to probation, his rights under the Equal Protection Clause of the Fourteenth Amendment of the U. S. Constitution are offended because he is indigent and should not be deprived of probation simply because of his indigency. The trial court denied the habeas corpus relief and remanded appellant to the custody of the warden. *Held:*

1. A reasonable construction of the burglary sentences imposed upon appellant in this case leads us to conclude that these sentences clearly provide for payment of both a fine and restitution "before [the] probationary sentence shall become effective." Appellant's argument that only restitution was required as a condition precedent to probation is not persuasive as the provisions for payment of the fine and restitution are joined by the conjunction "and" in each sentence and this means payment of both was intended as a condition precedent to probation of the sentence.

2. Appellant's insistence that the trilogy of Williams v. Illinois, 399 U. S. 235 (90 SC 2018, 26 LE2d 586) (1970); Morris v. Schoonfield, 399 U. S. 508 (90 SC 2232, 26 LE2d 773) (1970); and, Tate v. Short, 401 U. S. 395 (91 SC 668, 28 LE2d 130) (1971) requires a conclusion that he has been denied equal protection of the law cannot be sustained under the record in this case. While it is true that any disparate treatment of indigents and the affluent runs afoul of the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution (see Griffin v. Illinois, 351 U. S. 12 (76 SC 585, 100 LE2d 891) (1956)), there is nothing in the record to show that appellant has been discriminated against in this case. The three U. S. Supreme Court cases relied on by appellant reject the concept of 30 days or. $30 as a valid sentence, but they are distinguishable on their facts from the present case. Williams v. Illinois, 399 U. S. 235, 269 (90 SC 2018, 26 LE2d 586), involved a "work-off" statute. The sentence imposed there was a one year imprisonment and a $500 fine. The prisoner, at the end of one year, having not paid his fine, was required to remain in prison at a rate of $5 a day until he worked

off his $500 fine. The court held that though a state has considerable latitude in fixing the punishment for state crimes and may impose alternative sanctions, it may not under the Equal Protection Clause subject a certain class of convicted defendants to a period of imprisonment beyond the statutory maximum solely by reason of their indigency.

The second case cited by appellant involved a Maryland statute which required confinement for failure to pay any fine imposed by an Act of the legislature. Morris v. Schoonfield, 301 FSupp. 158 (1969). The Supreme Court remanded the case in light of Williams v. Illinois, supra. In a concurring opinion, Mr. Justice White, speaking for three other Justices as well, used this language: "[T]he same constitutional defect condemned in Williams also inheres in jailing an indigent for failing to make immediate payment of any fine, whether or not the fine is accompanied by a jail term and whether or not the jail term of the indigent extends beyond the maximum term that may be imposed on a person willing and able to pay a fine." Morris v. Schoonfield, 399 U. S. 508, 509, supra.

The third case urged by appellant involved traffic offenses with total fines of $425. There was no prison term involved. However, the indigent was compelled to go to prison at $5 a day until he worked off the fine. The court held that it is a denial of equal protection to limit punishment to payment of a fine for those who are able to pay it but to convert the fine to imprisonment for those who are unable to pay it. Tate v. Short, 401 U. S. 395, supra.

3. The sentence in the present case does not involve a fine which has been converted to a prison sentence. Rather, it involves a sentence which provides it can be served on probation upon payment of the fine. Code Ann. § 27-2709 provides: "The court may, in its discretion, require the payment of a fine or costs or both as a condition precedent to probation." The sentence imposed here is authorized under the above statute and the statute has not been attacked in this case. The sentence does not require the prisoner to pay money or serve time. Instead, the sentencing judge has exercised his discretion

and made the sentence fit the situation. "Sentencing judges are vested with wide discretion in the exceedingly difficult task of determining the appropriate punishment in the countless variety of situations that appear." Williams v. Illinois, supra, p. 243. We sustain the trial court's exercise of its discretion under this Georgia statute.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 13, 1974 — DECIDED JUNE 25, 1974 —
REHEARING DENIED JULY 9, 1974.

*James C. Bonner, Jr.,* for appellant.
*Joseph H. Briley, District Attorney, Wayne Bradley,* for appellee.