32401. HUNTER v. DEAN et al.

MARSHALL, Justice.

This appeal is from the denial of a petition for writ of habeas corpus by the Superior Court of Terrell County. The appeal was granted to consider whether the probation of a jail sentence may constitutionally be conditioned upon the payment of a fine in a lump sum when the defendant is indigent and unable to make immediate payment of the fine. We affirm the trial court.

Petitioner, Jacquelyn Hunter, and a co-defendant

both pled guilty to burglary and were sentenced to two years in the penitentiary. The sentence was to be probated upon payment of a fine of $165. The co-defendant paid the fine and his sentence was probated. Petitioner was unable to pay the entire amount in a lump sum. She was incarcerated.

Petitioner argues that a trilogy of Supreme Court cases — Tate v. Short, 401 U. S. 395 (91 SC 668, 28 LE2d 130) (1971); Morris v. Schoonfield, 399 U. S. 508 (90 SC 2232, 26 LE2d 773) (1970); and Williams v. Illinois, 399 U. S. 235 (90 SC 2018, 26 LE2d 586) (1970) — mandates the conclusion that it is unconstitutional to subject a defendant to imprisonment solely because the defendant is financially unable to pay a fine immediately in a lump sum. The petitioner points out that this view was adopted by the United States Court of Appeals for the Fifth Circuit in Barnett v. Hopper, 548 F2d 550 (5th Cir. 1977), in granting habeas relief previously denied by this court in *Barnett v. Hopper,* 234 Ga. 694 (217 SE2d 280) (1975). Consequently, we are asked to reexamine our holdings in *Calhoun v. Couch,* 232 Ga. 467 (207 SE2d 455) (1974), and *Barnett v. Hopper,* supra.

In *Calhoun v. Couch,* 232 Ga. 467, supra, and *Barnett v. Hopper,* 234 Ga. 694, supra, this court rejected arguments by defendants that their conditionally probated sentences made their imprisonment (resulting from an inability to pay the fine) a denial of equal protection under the Fourteenth Amendment of the United States Constitution. The court found several United States Supreme Court cases — Williams v. Illinois, supra; Morris v. Schoonfield, supra; and Tate v. Short, supra — distinguishable from a conditionally probated sentence imposed pursuant to Code Ann. § 27-2709 (Ga. L. 1956, pp. 27, 31, as amended).

Relevant to the petitioner's citing of Barnett v. Hopper, 548 F2d 550, supra, it is obvious that Barnett v. Hopper misinterprets the U. S. Supreme Court's opinions and should not be applied here. This case is controlled by Williams v. Illinois, 399 U. S. 235, 243, supra, where it is stated, "It bears emphasis that our holding does not deal with a judgment of confinement for nonpayment of a fine in the familiar pattern of alternative sentence of '$30 or 30

days.' We hold only that a State may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine. A statute permitting a sentence of both imprisonment and fine cannot be parlayed into a longer term of imprisonment than is fixed by the statute since to do so would be to accomplish indirectly as to an indigent that which cannot be done directly. We have no occasion to reach the question whether a State is precluded in any other circumstances from holding an indigent accountable for a fine by use of a penal sanction. We hold only that the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status.

"The State is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other conviction."

We are not willing to hold under the facts of this case that a condition of sentence to be served on probation may not include the immediate payment of a fine. Such a sentence does not violate the due process and equal protection clause of the Fourteenth Amendment to the U. S. Constitution. On the contrary, to hold as urged by petitioner would result in inverse discrimination as to defendants under an identical sentence who *were* financially able to pay the fine immediately. In effect, the trial judge would be saying, "Since you are able to pay the fine, you must pay it all now; this is true, although those who can't pay it now may pay it later." Williams v. Illinois, supra.

There follow several reasons justifying the imposition of a lump-sum fine, without regard to the ability of the defendant to pay it immediately.

First, conclusions reached in Barnett v. Hopper, 548 F2d 550, supra, fail to take into account the fact that the ability of a defendant to pay a fine is often a factor for the sentencing judge to consider in assessing the likelihood

that the defendant will serve a term of probation without violation. Stated in another fashion, a conditionally probated sentence is not necessarily invidious discrimination based on wealth if the sentencing judge has determined that the defendant would not be a good candidate for probation unless a fine is paid first.

Second, the Supreme Court in the Williams-Morris-Tate trilogy emphasized the absence of the furtherance of any valid penal objective by the state statute in question that converted a fine into a term of imprisonment for failure to pay the fine. Tate v. Short, supra, 401 U. S., p. 399; Williams v. Illinois, supra, 399 U. S., p. 242. Probation, in contrast to a fine that only raises revenue, does indeed further the penal objectives of a state. The probationer is maintained under supervision which it is hoped is close until it is deemed that he can become a constructive member of society without such supervision.

Third, probation is an integral tool in the rehabilitation of the convicted felon. Many factors are present in determining whether the convicted felon should be released on probation or parole. See Scarpa v. United States Board of Parole, 477 F2d 278, 281 (5th Cir. 1973). The decision to place the convicted felon on probation is therefore not one to be entered into lightly, especially if the defendant has been convicted of a serious crime such as burglary. The trial judge is vested with a wide discretion in sentencing matters in order that an appropriate punishment can be molded to fit "the countless variety of situations that appear." Williams v. Illinois, supra, 399 U. S., p. 243.

Fourth, viewed from the perspective of the court below at the time of sentencing in this case, the sentence which resulted was quite reasonable, as well as appropriate to the circumstances of the particular case and the individual involved. Of critical significance is that the sentence imposed and the sentence challenged here was based on a representation that a fine could be paid by the person seeking probation.[1] It would be

---

[1] According to the appellant's brief, the following colloquy occurred just prior to sentencing: "Judge:

impossible now to reconstruct each of the considerations which entered into the judge's decision to place Ms. Hunter on probation on the condition that she pay a fine, but the fact that she assured the sentencing court that she could pay the fine had to be one of them.

Fifth, before a sentencing judge makes a decision to probate a sentence, he must determine whether the particular defendant is a good probation risk. Specifically, the judge must decide that the individual defendant is not likely to engage in a continuing course of criminal conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law. It was the judge's determination in this case, on the basis of the representation made to him, that Ms. Hunter would be a good probation risk should she first pay the fine that was imposed. The fine aspect of the judgment simply does not place the appellant in a position where she is suffering disparate treatment based solely on wealth. On the issue of probation, the fine and ability to pay the fine provided assurances to the trial judge that the probation would be successful. A trial judge, upon receiving a representation that a family member is willing and able to pay the fine, knows that added control over the sentence is provided by the interest of the family and the belief of the family member that the defendant could successfully serve a period of probation.

Sixth, the payment of a fine places upon a given probationer a greater responsibility in successfully serving the period of probation than not paying a fine or paying a fine over the entire period of the sentence; if a breach of probation occurs, the fine money is lost and the only credit the defendant receives is that for the time spent on probation. Code Ann. § 27-2529 (Ga. L. 1957, p. 477; 1964, p. 496). Succinctly, the fine feature of the

---

Jacquelyn, are you able to pay a fine? Jacquelyn Evon Hunter: Yes. Judge: How can you pay a fine? Jacquelyn Evon Hunter: My. . . my cousin, Richardson . . . going to pay it." It further appears that Richardson was a school teacher and presumably able to pay the relatively small fine.

probationary sentence does not result in disparate treatment on the basis of wealth, but on acceptable considerations stemming from the fact that an accused has assured the sentencing court that a fine can and will be paid.

Seventh, a commitment by a trial court to impose a probated sentence in a serious crime must always be a close and difficult question; if a defendant's willingness to pay a fine is a factor which provides the court added assurance that the individual is a good risk for probation, the subsequent or later developed fact that the individual cannot pay the fine materially alters the original considerations which went into the judgment. In such a case, the judgment has already been made for the defendant — if the fine cannot be paid, the defendant is not a good risk for probation and the sentence must be served.

Eighth, if ability to pay can never be considered by the trial judge as a condition of probation when the defendant is relatively poor, in many cases the judge will no doubt be inclined to sentence the defendant to a term of imprisonment rather than a conditionally probated sentence. This result, urged by the appellant, does not bode well for the state and defendants, as a class, alike. Following the petitioner's contention may have an adverse effect on indigent defendants. It could encourage trial judges to impose straight jail sentences in order to ensure that the defendant receives some punishment and to avoid putting the court in the collection business with little likelihood of recovering time-payment fines from an indigent. That wealth may enable a defendant more easily to serve a term of probation successfully, is no doubt an advantage to the wealthy, but, with all other factors equal, if in a particular case the poor defendant is not a good candidate for probation because of a lack of funds, his imprisonment is simply not the result of invidious discrimination; his imprisonment is the result of his being a poor risk for probation.

Finally, it is clear from the appellant's brief, that the petitioner never claimed to be indigent, and unequivocally informed the court that she was able to pay a fine. It was on this basis that the court framed its

sentence. Had the court been informed of the petitioner's claimed indigency and inability to pay a fine at the time of sentencing, the sentence might have been entirely different, i.e., a short sentence of incarceration, a longer sentence of probation, or the payment of the fine in periodic installments.

We do not think that a defendant should be able to mislead the court as to ability to pay a fine, thus inducing an alternate sentence, and later seek to rely upon constitutional safeguards to avoid punishment.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 13, 1977 — DECIDED NOVEMBER 28, 1977.

*C. Michael Abbott,* for appellant.

*John R. Irwin, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellees.