57867. WOOD et al. v. THE STATE.

BANKE, Judge.
Each of the three appellants was convicted of distributing obscene materials and each was sentenced to pay a fine and to serve 12 months on probation. Following the affirmance of these convictions on appeal, the trial court entered probation orders requiring each appellant to make payments of $500 per month towards payment of his or her fine as a condition of probation. Thereafter, each appellant's probation was revoked for failure to make the $500 payments as directed.

At the revocation hearing, it was established that none of the appellants had the financial resources to make the payments. On appeal, the appellants contend that to revoke their probation under these circumstances amounts to imprisoning them for their indigency, in violation of their rights under the Fourteenth Amendment of the United States Constitution. They further contend that the trial court was without authority under Georgia law to require payment of the fines as a condition of probation. *Held:*

1. In *Hunter v. Dean,* 240 Ga. 214 (239 SE2d 791) (1977), a requirement that a defendant pay a fine as a condition precedent to serving a sentence on probation was held not to violate the equal protection or due process provisions of the United States Constitution, even "when the defendant is indigent and unable to make immediate payment of the fine." See generally Code Ann. § 27-2709.

The appellants contend that while this may be the law where payment of the fine is required as a condition precedent to probation, the situation is different where payment of the fine is required as a condition of the probation itself. We are unable to accord this delicate distinction the weight which the appellants seek to give it. In our view, *Hunter* controls this case and requires the affirmance of the trial court's ruling.

2. The fact that Code Ann. § 27-2711 does not list payment of a validly imposed fine as one of the permissible conditions of probation does not require a different result. It is well settled that the conditions enumerated in that section are not exclusive, but the court may impose other requirements not specifically listed therein. See *George v. State,* 99 Ga. App. 892, 893 (109 SE2d 883) (1959); *Gay v. State,* 101 Ga. App. 225 (1) (113 SE2d 223) (1960).

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

Argued May 3, 1979 — Decided June 5, 1979 — Rehearing denied July 6, 1979 —

*Glenn Zell,* for appellants.
*Hinson McAuliffe, Solicitor, Leonard Rhodes, George M. Weaver, Assistant Solicitors,* for appellee.