58550. YOUNG v. THE STATE.

Quillian, Presiding Judge.

Defendant appeals the revocation of probation of a sentence to confinement. *Held:*

1. Defendant plead guilty in a state court to misdemeanor traffic offenses and was sentenced to confinement for 12 months and a fine of $250 on January 15, 1979. The court ordered the sentence to confinement

served on probation with one of the conditions of probation being that the fine be paid within 30 days. On March 23, 1979, defendant's probation officer filed a petition for revocation because defendant had, among other things, not paid the fine. After hearing evidence of the nonpayment, the court revoked the probation.

Defendant's second claim of error is that the revocation of the probation converted the fine into a prison sentence, a denial of equal protection under the Fourteenth Amendment of the Constitution of the United States and cites Tate v. Short, 401 U.S. 395 (91 SC 668, 28 LE2d 130) in support thereof. In that case the defendant was sentenced to a fine only and, when he was unable to pay it, was confined to work off the fine at so much per day. Those are not the circumstances of this case where the sentence was to confinement and a fine with probation of the confinement on several conditions, one of which was payment of the fine. On a similar factual situation this court recently held that revocation of probation for violation of a condition to make payments on a fine was not a violation of the Fourteenth Amendment of the United States Constitution, whether the fine was a condition precedent to or a condition of probation. *Wood v. State,* 150 Ga. App. 582 (258 SE2d 171). There was no error in revoking the probation.

2. The first claim of error is not supported in the brief and is deemed abandoned under Rule 15(c) (2) of this court (Code Ann. § 24-3615 (c) (2)). The other enumerations of error are nonmeritorious.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1979 — DECIDED OCTOBER 30, 1979.

*Robert F. Oliver,* for appellant.
*Linton K. Crawford, Solicitor,* for appellee.