## 59871, 59872. SIMPSON v. THE STATE (two cases).

QUILLIAN, Presiding Judge.

The defendant appeals from the revocation of his probated sentence to confinement.

Defendant was convicted in two separate prosecutions, of three counts each, of distribution of obscene material. In each instance he received a sentence of two years confinement and a fine of $10,000. The confinement was probated on the payment of the $20,000 in fines at the rate of $1,000 per month. He failed to make the monthly payments and his probation was revoked. He brings this appeal. *Held:*

1. It is alleged that the trial court converted the defendant's probated sentence of confinement to imprisonment solely because of his indigency, and such conversion "violates the equal protection and due process clauses of the Fourteenth Amendment of the U. S. Constitution . . ." We do not agree.

Citing Williams v. Illinois, 399 U. S. 235 (90 SC 2018, 26 LE2d 586); Morris v. Schoonfield, 399 U. S. 508 (90 SC 2232, 26 LE2d 773); and Tate v. Short, 401 U. S. 395 (91 SC 668, 28 LE2d 130), defendant contends he has been "treated differently" because he is financially unable to pay his fine. He argues that under Griffin v. Illinois, 351 U. S. 12, 19 (76 SC 585, 100 LE 891), the "fundamental question boils down to whether the sort of sentence an offender must serve may ever explicitly turn solely upon the amount of money he has?" Answering the last question first, the U. S. Supreme Court stated: "The [Supreme] Court has not held that fines must be structured to reflect each person's ability to pay in order to avoid disproportionate burdens. Sentencing judges may, and often do, consider the defendant's ability to pay, but in such circumstances they are guided by sound judicial discretion rather than by constitutional mandate." San Antonio Indep. School District v. Rodriguez, 411 U. S. 1, 22 (93 SC 1278, 36 LE2d 16).

Contrary to defendant's argument, the trilogy of Williams-Morris-Tate, supra, does not prohibit the sentence imposed in the instant case nor the revocation of probation based upon the defendant's financial inability to pay the fine imposed. This legal triad proscribes typical sentences of $30 or 30 days, and the conversion of a fine into a sentence of confinement at a rate of so many dollars per day — which exceeds the maximum amount of confinement authorized by the statute. However, we have neither situation in the instant case. See *Calhoun v. Couch,* 232 Ga. 467 (2) (207 SE2d 455).

In essence, the Williams-Morris-Tate cases held that "the Due

Process and Equal Protection Clauses protect persons like petitioner from invidious discrimination" because of their indigency. See *Griffin v. Illinois,* 351 U. S. 1218, supra. Our Supreme Court, in *Hunter v. Dean,* 240 Ga. 214 (239 SE2d 791), thoroughly examined the issue of conditionally probated sentences upon payment of a fine and concluded that they are "not necessarily invidious discrimination" even though defendant may be unable to pay the fine. See also *Barnett v. Hopper,* 234 Ga. 694 (217 SE2d 280).

Under Code Ann. § 27-2711 (Ga. L. 1956, pp. 27, 32; as amended through 1965, pp. 413, 416), the sentence imposed in the instant case was within the permissible conditions of probation. The financial inability of the defendant to pay the monthly installment when due did not convert the monetary portion of the sentence to imprisonment, but merely invoked the previously imposed confinement portion of the sentence. This is not invidious discrimination. *Wood v. State,* 150 Ga. App. 582, 583 (258 SE2d 171); *Young v. State,* 152 Ga. App. 108 (1) (262 SE2d 258); *Calhoun v. Couch,* 232 Ga. 467, 468, supra; *Barnett v. Hopper,* 234 Ga. 694, supra; *Hunter v. Dean,* 240 Ga. 214, supra. This enumeration is without merit.

2. For the reasons stated above, the court did not err in revoking defendant's probation even though his failure to pay the monthly installment of the fine was "not negligent or willful." See *Hunter v. Dean,* 240 Ga. 214, supra; *Wood v. State,* 150 Ga. App. 582 (2), supra.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED MAY 12, 1980 — DECIDED JUNE 2, 1980 —

*Glenn Zell,* for appellant.
*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, George M. Weaver, Assistant Solicitors,* for appellee.