## 60218. WILSON v. THE STATE.

SHULMAN, Judge.

Defendant appeals the revocation of his probation. We affirm.

1. Inasmuch as appellant's contentions of error regarding the trial court's order of restitution (as a condition of appellant's probation) were decided adversely to appellant on the appeal from his conviction (see *Wilson v. State,* 151 Ga. App. 501 (10) (260 SE2d 527)), or were waived by failure to raise them then, those issues will not be considered on this appeal.

2. The evidence shows that under the terms of his probation appellant was required to pay to the victims of his offense $120 per month beginning December 23, 1979, and that by or on that date only $10 of such amount had been paid. The court was therefore authorized to find that appellant had violated the terms of his probation.

3. Nor do we agree that the revocation of defendant's probation, premised upon his failure to timely pay court-ordered restitution, violates due process and equal protection. See in this regard *Hunter v. Dean,* 240 Ga. 214 (239 SE2d 791).

4. Since the trial court properly found that defendant had violated the restitution condition of his probation, it is unnecessary to determine whether or not there occurred any other violation of defendant's probation which would have also authorized the revocation of defendant's probation.

5. Contrary to appellant's contentions, the order of revocation issued by the trial court does not require appellant to continue to make restitution, but rather provides that any monies previously collected in connection with such restitution be disbursed to the victims as "full settlement in the case."

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JULY 9, 1980 — DECIDED SEPTEMBER 9, 1980 — REHEARING DENIED SEPTEMBER 24, 1980 —

*J. Robert Joiner,* for appellant.
*Robert E. Statham,* for appellee.