### 60462. SIMMONS v. THE STATE.

Carley, Judge.

Appellant appeals from the order of the trial court revoking his probation.

1. In his first enumeration of error appellant contends that the order of the trial court revoking his probation was "contrary to the law." Specifically, appellant argues that he was unable to prepare an adequate defense for the proceedings because the Petition for Revocation contained insufficient notice of one of his alleged probation violations which eventually served as a basis for the revocation order.

Relying upon *Radcliff v. State,* 134 Ga. App. 244 (214 SE2d 179) (1975), appellant urges that his probation was erroneously revoked on the basis of his violation of a law which was not a ground stated in

the petition for revocation. We need not reach the substantive merits of this contention. The record affirmatively discloses that one of the special conditions of appellant's probation was the payment of a $750 fine in $10 per week installments to the Circuit Probation Office. The Petition for Revocation of Probation filed against appellant lists as one of his probation violations appellant's "[f]ailure to pay fine ($200 arrears)." Regardless of whether prior to the revocation hearing appellant received sufficient notice of the specific statute, the violation of which would be used as a ground for revoking his probation, there is no dispute that he received sufficient prior notice of the "failure to pay fine" charge.

Appellant testified during the course of his revocation hearing that he had failed to make the required weekly fine payments for an extensive period of time prior to the filing of the petition for revocation of his probation. This testimony provided an adequate basis for the trial court's order revoking appellant's probation. "Only slight evidence is required to authorize revocation, [cit.] and where there is even slight evidence of misconduct, the appellate court will not interfere with revocation unless there has been manifest abuse of discretion. [Cits.]" *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504) (1973). Thus, even assuming that the record supported appellant's contention that the trial court based its revocation order in part upon his violation of a criminal statute, no notice of which ground was provided to him prior to the revocation hearing, the order of the trial court revoking his probation will nevertheless be upheld because it rests alternatively upon the independent determination by the court that appellant violated yet another of the conditions of his probation. Cf. *Clackler v. State,* 130 Ga. App. 738 (204 SE2d 472) (1974). Appellant's first enumeration is consequently without merit.

2. Our disposition of appellant's first enumeration of error in Division 1 of this opinion renders separate discussion of his second and third enumerations unnecessary.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED NOVEMBER 6, 1980.

*Charles A. Mullinax,* for appellant.
*J. W. Morgan, District Attorney,* for appellee.