No. 80–5589. SIMPSON *v.* GEORGIA. Ct. App. Ga. Motion of petitioner for leave to proceed *in forma pauperis* and certiorari granted. Judgment vacated and case remanded for further consideration in light of *Wood* v. *Georgia, ante,* p. 261.

JUSTICE BRENNAN, dissenting.

I agree with JUSTICE WHITE that the record in this case presents clear evidence of waiver and that remand is therefore inappropriate. Rather than grant the petition for a writ of certiorari, however, I would vote to summarily reverse the conviction for distributing obscene materials in violation of Ga. Code § 26–2101 (1975) under the view I have frequently expressed, and to which I adhere, that such an obscenity statue is facially unconstitutional. See *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 73, 113 (1973) (BRENNAN, J., dissenting); *McKinney* v. *Alabama,* 424 U. S. 669, 678 (1976) (separate opinion of BRENNAN, J.).

JUSTICE WHITE, dissenting.

We granted certiorari in *Wood* v. *Georgia, ante,* p. 261, in order to decide whether it is permissible under the Equal Protection Clause for a State to revoke an offender's probation for failure to make regular payments toward the satisfaction of a fine when nonpayment is due to the offender's indigency. This case raises the identical issue.

The majority vacated and remanded *Wood* v. *Georgia* on the ground that petitioners were perhaps deprived of

their constitutional right to adequate assistance of counsel by the possibly divided loyalties of their counsel. For reasons that I have explained in my dissent in that case, *ante,* at 275–281, I do not believe that the Court's disposition of *Wood* falls within the limits of our jurisdiction. The same jurisdictional limits apply to this case: petitioner at no point sought relief in the Georgia courts on the basis of a claim of ineffective assistance of counsel, nor has there been a final decision on this issue by the highest state court in which a decision could be had, as is required by 28 U. S. C. § 1257 (3). Beyond that, however, the State abandoned any suggestion of conflicting interest and has not raised it here.

There is, in my view, even less justification for the majority's disposition of this case than there is for the conclusion reached in *Wood.* Here, the potential conflict of interest was explained by the trial court to petitioner, and petitioner waived whatever constitutional right he might have had to a different attorney. The transcript in this case shows that the State's attorney raised the conflict of interest issue:

> "It is my contention, and the facts would show, . . . that [petitioner] worked for an organization headquartered on Marietta Street; that they promised they would pay all fines, if any, the lawyer's fees, bond fees and what not and he is now in a position that if his fine had been paid, he would not be where he is. He would not be in jail. . . . [T]he people who promised him that were the people that employed Mr. Zell to come and represent him. . . . If he has employed Mr. Zell, that is one thing, but if they have employed Mr. Zell to come down here and act on his behalf in this matter, I say that there is a clear and distinct conflict of interest." Tr. 2.

The trial court responded to this charge by asking petitioner if Mr. Zell was representing him and petitioner answered: "He is right now." The court continued:

> "Well, do you understand that if you do not have an

attorney and desire an attorney, that I will appoint an attorney to represent you or if you do not know that, I am informing you now." *Id.*, at 4.

Petitioner responded that he "agreed to allow Mr. Zell to represent [him] because he is totally familiar with the case." He responded specifically that he knew of no possible conflict of interest between himself and Mr. Zell and of none between himself and any client represented by Mr. Zell, including his former employer. The discussion ended with the following exchange:

"THE COURT: I will let Mr. Zell—if you want me to appoint someone to represent you, I will appoint someone to represent you. I mean, you are free to have Mr. Zell or to have the Court appoint someone.

"MR. SIMPSON: Well, as I stand right now, I just as soon would go ahead with the hearing with Mr. Zell representing me here." *Id.*, at 7.

As I read this record, the possible conflict was fully explained to petitioner, the trial judge made perfectly clear that petitioner could have alternative counsel appointed, and petitioner voluntarily and knowingly decided that he would prefer to have Mr. Zell represent him. Even if there was a possible conflict of interest in Mr. Zell's representation—a proposition with which I do not agree, as I explained in *Wood*—I do not understand how the majority can read this record as failing to establish a valid waiver. Since there is no contention that the right to conflict-free counsel cannot be waived, I can perceive no possible bar to our reaching and resolving the equal protection issue presented in this case and in *Wood*.

Accordingly, I dissent from the Court's disposition of this case. Even if *Wood* was properly vacated and remanded, the petition in this case should be granted and the underlying constitutional issue resolved. With all due respect, I dissent.