## 62930. BEARDEN v. THE STATE.

POPE, Judge.

Danny Ray Bearden appeals the revocation of his probation. He enumerates as error the revocation of his probation on a ground not asserted in the petition to revoke his probation. He also enumerates a violation of the Constitution in the trial court's revocation of his probation on the ground that he had failed to pay the fine and restitution assessed.

On October 8, 1980 appellant pled guilty to the offenses of theft by receiving stolen property and burglary. He was placed on probation as a first offender pursuant to Code Ann. § 27-2727. For the offense of theft by receiving stolen property, he was required to serve one year on probation upon payment of $200.00 restitution, said restitution to be paid within four months of October 8, 1980. For the offense of burglary he was required to serve three years on probation upon payment of a fine of $500.00 and restitution in the amount of $50.00; appellant was required to pay $200.00 of the fine almost immediately and $350.00 comprising fine and restitution within four months of October 8, 1980. The state moved on May 27, 1981 to revoke appellant's probation on the grounds that he had committed a burglary on May 10, 1981 and also that he had failed to pay the $550.00 balance of the foregoing fine and restitution. Following a hearing on the petition on June 3, 1981, the trial court found that appellant had not paid the required fine and restitution and also found that appellant had "failed to report to his probation officer as directed." The trial court revoked appellant's probation and sentenced him to concurrently serve five years for the offense of burglary and three years for the offense of theft by receiving stolen property.

1. Appellant testified during the course of his revocation hearing that he was unemployed and could not pay any portion of the $550.00 balance of the fine and restitution. "This testimony provided an adequate basis for the trial court's order revoking appellant's probation. 'Only slight evidence is required to authorize revocation, (cit.) and where there is even slight evidence of misconduct, the appellate court will not interfere with revocation unless there has been manifest abuse of discretion. (Cits.)' *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504) (1973). Thus, even assuming that the record supported appellant's contention that the trial court based its revocation order in part upon his [failure to regularly report to his probation officer], no notice of which ground was provided to him prior to the revocation hearing, the order of the trial court revoking his probation will nevertheless be upheld because it rests

alternatively upon the independent determination by the court that appellant violated yet another of the conditions of his probation." *Simmons v. State,* 156 Ga. App. 336, 337 (274 SE2d 726) (1980); see also *Simpson v. State,* 154 Ga. App. 775 (2) (270 SE2d 50) (1980), vacated on other grounds, Simpson v. Georgia, 450 U. S. 972 (101 SC 1504, 67 LE2d 808) (1981). Compare *Radcliff v. State,* 134 Ga. App. 244 (214 SE2d 179) (1975).

2. Appellant contends that because he was indigent the revocation of his probation for failure to pay the required fine and restitution violates the Equal Protection Clause of the 14th Amendment of the United States Constitution. This contention has been decided adversely to appellant in *Hunter v. Dean,* 240 Ga. 214 (239 SE2d 791) (1977); *Calhoun v. Couch,* 232 Ga. 467 (207 SE2d 455) (1974); but see Wood v. Georgia, 450 U. S. 261, 284-287 (101 SC 1097, 67 LE2d 220) (1981) (White, J., dissenting). We see no basis for distinguishing this case, where appellant was placed on probation as a first offender pursuant to Code Ann. § 27-2727, from the foregoing cases, where the appellants were apparently not entitled to first offender status and were placed on probation pursuant to Code Ann. § 27-2709. Code Ann. § 27-2727 provides that upon violation of the terms of probation, the trial court is authorized to enter an adjudication of guilt and "proceed as otherwise provided" under the Statewide Probation Act, Code Ann. § 27-2702 et seq. No matter under which provision of the Act probation is given, a criminal defendant is subject to revocation of his probation if he is found to have violated the conditions thereof.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 24, 1982 —
REHEARING DENIED MARCH 15, 1982 —

*James H. Lohr,* for appellant.
*David L. Lomenick, Jr., District Attorney, Ralph L. Van Pelt, Jr., Assistant District Attorney,* for appellee.