## 63977. MALCOM v. THE STATE.

BANKE, Judge.

The appellant was given two consecutive 5-year sentences following her convictions on two counts of welfare fraud. Both sentences were probated upon condition that, among other things, she maintain "suitable employment" and pay a fine and restitution in specified weekly installments. A probation revocation petition was later filed alleging that "the defendant has violated the following terms and conditions of probation in the following particulars: Failure to maintain employment. Failure to pay fine and restitution as ordered . . ."

The hearing on the revocation petition consisted, in substance, of the following exchange between the appellant and her appointed counsel on the one hand and the court and the district attorney on the other. "DISTRICT ATTORNEY: What is your place . . . Do you admit the allegations of the petition? DEFENSE COUNSEL: Yes, sir . . . DISTRICT ATTORNEY: You also admit, Miss Malcom, that you have violated probation, as alleged here? That you haven't paid your fine and restitution, as ordered? And you haven't maintained employment? Is that correct? Say 'yes' or 'no,' please. DEFENDANT: Yes. (Bench conference.) THE COURT: Miss Malcom, as I understand it now, you admit you failed to maintain employment? Failed to pay your fine? You're behind $120? Is that correct? THE DEFENDANT: Yes, sir. THE COURT: All right, then. I'm going to revoke your probation — one year of your probation . . ."

The appellant contends on appeal that she did not receive effective assistance of counsel and that her admissions did not establish grounds for revocation of her probation. *Held:*

Based on the Georgia Supreme Court's ruling in *Hunter v. Dean,* 240 Ga. 214 (239 SE2d 791) (1977), this court, in *Wood v. State,* 150 Ga. App. 582 (258 SE2d 171) (1979), and *Simpson v. State,* 154 Ga. App. 775 (270 SE2d 50) (1980), held that a defendant's probation may be revoked for failure to make court-ordered payments, even though the defendant may be indigent and may have been neither negligent nor wilful in failing to pay. However, the United States Supreme Court later vacated both of these decisions due to the appearance of a possible conflict of interest on the part of defense counsel. See *Wood v. State,* 158 Ga. App. 309 (280 SE2d 439) (1981), conforming to Wood v. Ga., 450 U. S. 261 (101 SC 1097, 67 LE2d 220) (1981), and *Simpson v. State,* 158 Ga. App. 512 (281 SE2d 649) (1981), conforming to Simpson v. Georgia, 450 U. S. 972 (101 SC 1504, 67 LE2d 808) (1981).

The issue confronted by the Georgia Supreme Court in *Hunter*

*v. Dean,* supra, was whether an indigent defendant could constitutionally be ordered to pay a fine as a condition precedent to being allowed to serve her sentence on probation. Although the court answered this question in the affirmative, it upheld the defendant's revocation only after a thorough examination of the facts of that particular case. Among the reasons enumerated for sustaining the revocation, the court listed the following: "Fourth, viewed from the perspective of the court below at the time of sentencing in this case, the sentence which resulted was quite reasonable, as well as appropriate to the circumstances of the particular case and the individual involved. Of critical significance is that the sentence imposed and the sentence challenged here was based on a representation that a fine could be paid by the person seeking probation." Id. at 217. The court concluded by stating, "We do not think that a defendant should be able to mislead the court as to ability to pay a fine, thus inducing an alternate sentence, and later seek to rely upon constitutional safeguards to avoid punishment." Id. at 220.

The state's burden in a probation revocation proceeding is merely to establish by "slight evidence" that the defendant has not complied with a condition of the probation. See, e.g., *Kellam v. State,* 154 Ga. App. 561 (269 SE2d 493) (1980). However, in light of the *Hunter* decision, it appears that even where a condition has not been complied with, the circumstances of the individual defendant must be taken into consideration in determining whether revocation is warranted. In the case before us now, the appellant asserts on appeal that her only source of income is public assistance, that she was incapable of making the payments required of her, and that had she received adequate legal representation, she would have made these facts known to the court. Although indigency would not in and of itself excuse the appellant from complying with the conditions of her probation, we must agree on the basis of the record before us that she had no opportunity at the revocation hearing to establish her alleged inability to perform. The order of revocation is accordingly reversed, and the case is remanded for a new hearing on this issue.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 26, 1982 —
REHEARING DENIED JUNE 16, 1982.

*John P. Howell,* for appellant.
*John T. Strauss, District Attorney, John M. Ott, Assistant*

*District Attorney,* for appellee.