## 63790. ZIPPERER v. THE STATE.

POPE, Judge.

Wendell P. Zipperer appeals the revocation of his probation. He was placed on probation for a period of five years on October 10, 1980 after pleading guilty to a charge of being an habitual violator. His probation sentence contained numerous conditions, and any violation would result in revocation of his probation. On August 27, 1981 the state moved to revoke appellant's probation on the grounds that he had failed to pay his fine as directed by his probation officer, changed his present place of abode and moved outside the jurisdiction of the court without prior permission of his probation officer, failed to report to his probation officer as directed, and violated the laws of the state by writing numerous bad checks. The trial court revoked appellant's probation and ordered him to serve the remainder of his sentence in the state penitentiary. Appellant enumerates six errors committed by the trial court.

1. In the first enumeration of error appellant contends that the trial court erred in finding that he was completely advised of all the terms and conditions of his probation sentence and that he understood all of its terms. Under questioning appellant admitted that the sentencing judge had advised him of the terms of his probation sentence, that he understood the terms, and that he signed his sentence of probation. Thus, this enumeration of error is without merit.

2. Enumerations of error Nos. 2, 3, and 6 state that the trial court erred in finding that appellant violated his probation by not obeying his probation officer and returning to Georgia from Florida on time, by failing to pay his fine at a rate of $100 per month and by writing numerous bad checks. Condition number six of appellant's probation sentence provided that appellant not change his present place of abode, move outside the jurisdiction of the court, or leave the state for any period of time without prior permission of the probation supervisor. Appellant was issued two travel permits allowing him to travel to Florida for a total period of time from May 2, 1981 to June

23, 1981. However, he did not return to Georgia until September 9, 1981, even after his probation officer talked to him on June 22, 1981 and told him to return to Georgia. As a result, the appellant was in violation of condition six of his probation sentence.

Another condition of appellant's probation sentence was that he pay a fine of $1,500.00 at a rate of $100.00 per month. Thus far the appellant has made only one payment of $75.00, thereby failing to pay the agreed $100.00 per month. A probationer's failure to pay his fine is enough to revoke probation. *Young v. State,* 152 Ga. App. 108 (1) (262 SE2d 258) (1979).

It is not necessary to deal with the enumeration of error concerning the allegation that appellant wrote bad checks. "Only slight evidence is required to authorize revocation, [cit.], and where there is even slight evidence of misconduct, the appellate court will not interfere with revocation unless there has been manifest abuse of discretion." *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504) (1973); *Bearden v. State,* 161 Ga. App. 640 (288 SE2d 662) (1982). It ". . . is sufficient to show that the [appellant] violated at least one of the conditions of his probation." *Boston,* supra at 577.

3. In enumeration of error No. 5 appellant contends that the trial court erred in allowing probation officers Brooks and Davis to testify as to hearsay, opinions and conclusions in the absence of Officer Burner (appellant's original probation officer) as to appellant's various violations of his probation. After reviewing the testimony of these witnesses, this court finds that the probation officers did not testify as to hearsay, opinions and conclusions. Each probation officer testified from his personal knowledge of the facts in addition to knowledge obtained from the probation file maintained on appellant.

4. Enumeration of error No. 4 asserts that the trial court erred by admitting into evidence appellant's travel permits, State's Exhibits 6 and 7. Code Ann. § 38-711 allows writings, records, entries and memoranda to be admitted as evidence if made in the regular course of any business and it was the regular course of such business to make such memoranda or records. Such records are admissible in a criminal case. *Little v. State,* 133 Ga. App. 304 (1) (211 SE2d 197) (1974). Officer Brooks testified that travel permits are kept in the files of each probationer, that they are kept in the regular course of business and that it is the business of the probation officer to keep such records. This enumeration of error is, therefore, without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 30, 1982.

*H. B. Edwards, Jr.,* Wendell P. Zipperer, *pro se,* for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.