63839. DINGLER v. THE STATE.

McMURRAY, Presiding Judge.

In two separate accusations the defendant was charged with the offenses of theft by conversion. Thereupon he pleaded guilty to a misdemeanor, "as reduced by recommendation." He was sentenced

to serve 12 months on each charge, the same to be probated provided he complied with general and special conditions set forth in the sentence, including restitution and the payment of a fine. The sentences were to run consecutively.

A petition to revoke his probation was thereafter filed allegedly due to his having violated the criminal laws as set forth and attached thereto with reference to four instances of theft by taking. After a hearing, the trial court found that in three instances he had collected sums of money from various persons for the construction of swimming pools, "which he never intended to complete." Whereupon, the balance of his probated sentence was revoked. Defendant appeals enumerating as error that the trial court abused its discretion since the state did not meet the threshold requirement of slight evidence. *Held:*

By brief the district attorney suggests that the appeal is moot due to the fact that the defendant had been released from confinement. However, he states that it was an informal agreement of release and at the time of the filing of the brief no order had been signed. The record fails to state the exact status of the defendant. Under the circumstances we proceed to consider the sufficiency of the evidence to support the trial court's revocation of the defendant's probation.

The evidence disclosed the defendant had executed contracts with the parties in question as to the construction and installation of swimming pools, "up front" payments had been received and holes had been dug in the yards of the prospective pool customers which was the only work done (value of $250-$350). Thereafter, despite repeated calls, complaints and requests for completion, nothing further was done. One of these complainants finally located the defendant and obtained a liner for the swimming pool but nothing was ever installed. Another had received an explanation that her "kit" had been back ordered from Canada, but she contacted the supplier and found that her "kit" had been in Atlanta all the time. No other work had been done to complete her pool. While the defendant did customarily promise to finish the pools, he continued to stall, never offered to refund their money and never offered a true explanation nor to rebut the charge that he had never intended to complete the pool. This court cannot state the trial court abused its discretion in revoking the defendant's probation there certainly being more than slight evidence as to the charges made against him as to theft by taking of the payments received. *Johnson v. State,* 142 Ga. App. 124 (1) (235 SE2d 550), affd. 240 Ga. 526 (242 SE2d 53); *Kellam v. State,* 154 Ga. App. 561, 562 (269 SE2d 493).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 8, 1982.

*Hulane E. George, Wayne Rogers,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.