64594. EDGE v. THE STATE.

McMURRAY, Presiding Judge.
Defendant pleaded guilty to a burglary charge in 1980 and he was sentenced to ten years, three to serve and seven on probation. His sentence was commuted in April 1981 because of prison overcrowding. The order of commutation did "not affect the probated portion of [his] sentences or fines." In April 1982 the state filed a petition for revocation of his probation on the grounds that he allegedly committed another burglary and also that he failed to make the restitution ordered by the court in the previous case. After a hearing, the trial court found that defendant committed the alleged burglary and failed to pay the restitution and therefore it ordered defendant's probated sentence revoked. *Held:*

1. Defendant first contends he was denied due process of law because the petition for revocation of probation did not allege specific violations of the probation conditions. The petition included the following paragraph: "That the Defendant has violated the following terms and conditions of probation in the following particulars: #1: Do not violate the criminal laws of any governmental unit or city ordinance. On March 17, 1982 in Dougherty County, Georgia, he committed the offense of Burglary when he without

authority and with intent to commit theft or felony therein, entered Dervan Cartage Company at 925 N. Maple Street. [#2] Failure to pay restitution as ordered by the Court, in amendment dated April 9, 1981. He has never made a payment." We hold that this is sufficient specificity to satisfy the due process requirement. See generally *Mingo v. State,* 155 Ga. App. 284, 286-287 (2) (270 SE2d 700).

2. Defendant's second contention is that the trial court erred in considering evidence of crimes of which he was not accused. The state offered evidence, over defendant's objection, that three separate businesses were located at 925 N. Maple Street, adjoining and under the same roof, and each had been burglarized on March 17, 1982. Defendant argues that he was charged only with burglarizing Dervan Cartage Company and therefore the court should not have allowed and considered evidence pertaining to the burglary of the other two businesses.

A similar challenge was raised in the case of *Horton v. State,* 122 Ga. App. 106, 107 (176 SE2d 287). In that case, the defendant was charged with violating his conditions of probation in that he possessed and sold illegal whiskey and operated a gambling house. The state produced slight evidence of these violations and also evidence that defendant conducted a lottery in his home as well. This court stated that the evidence pertaining to the lottery should not have been considered because the state failed to notify the defendant of the charge but upheld the revocation of probation because there was "some evidence that defendant violated the conditions of his probation as charged."

In the case sub judice, the state produced evidence that a burglar had entered a window of Dervan Cartage Company, burglarized it and the other two businesses and that defendant was found shortly thereafter and nearby in possession of the goods taken (including those from Dervan) without a reasonable explanation. Applying *Horton v. State,* 122 Ga. App. 106, supra, to this set of facts, we find no reversible error.

3. Defendant next contends that the court's findings and conclusions are not supported by the evidence. Only slight evidence is required to support a revocation of probation. See *Mingo v. State,* 155 Ga. App. 284, supra; *Evans v. State,* 153 Ga. App. 764 (266 SE2d 545); *Patat v. State,* 142 Ga. App. 398 (236 SE2d 143); *Hubbard v. State,* 139 Ga. App. 336 (228 SE2d 362); *Horton v. State,* 122 Ga. App. 106, supra. Under this standard we find that the state met its burden (see Division 2, supra) and the trial court did not abuse its discretion in its ruling on the evidence.

4. Defendant's final contention is that it was error to revoke his probation on the basis that he failed to pay the restitution previously

ordered by the court because he was unable to pay. The practice in Georgia to uphold revocations of probation on the basis of the defendant's inability to pay a fine or restitution has been questioned by the United States Supreme Court. See Wood v. Georgia, 450 U. S. 261, 264-265 (101 SC 1097, 67 LE2d 220) (1981), vacating and remanding on other grounds Wood v. State, 150 Ga. App. 582 (258 SE2d 171), which casts doubt on the holding in Simpson v. State, 154 Ga. App. 775 (270 SE2d 50). See also Nixon v. State, 159 Ga. App. 39 (283 SE2d 95), vacating and remanding Nixon v. State, 155 Ga. App. 395 (271 SE2d 44) in light of Wood v. Georgia, 450 U. S. 261, supra. However, we need not address this issue in the case sub judice because his contention that he was unable to pay the restitution is not supported by the evidence. By his own testimony, it is clear that he had money, but chose to use it for other things, such as other bills, clothing, beer and liquor. The order for restitution was for $744.15, payable in $20.00 monthly installments. Defendant had not paid anything since his release from prison nearly a year before the petition for revocation of probation was filed. On the basis of this evidence, we hold that the court was authorized to find that defendant affirmatively violated this condition of probation in addition to the other. See Wilson v. State, 155 Ga. App. 825 (273 SE2d 210); see also Hunter v. Dean, 240 Ga. 214 (239 SE2d 791).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 20, 1982.

*John Knight,* for appellant.
*Hobart M. Hind, District Attorney, John W. Hogg, Assistant District Attorney,* for appellee.