## 67431. CRAWLEY v. THE STATE.

McMURRAY, Chief Judge.

Defendant was convicted of the offense of theft by taking. On November 16, 1981, he was sentenced to serve a term of five years which sentence was probated with the payment of a $1,000 fine (shown in the probated conditions as $501) and restitution, in addition to various other general and special conditions of the probation.

On January 28, 1982, he was cited for revocation of probation for the violation of a number of conditions of his probation (charged with disorderly conduct, being in an intoxicated condition, having purchased a 1/2 pint of Wild Irish Rose wine, and failing to report to his probation officer and not having paid any of the court ordered monies as directed). After a hearing the trial court revoked three years of the probated sentence and upon serving of same to return to probation to serve the balance of the original sentence on probation under the same rules and regulations of the original sentence. Defendant appeals. *Held:*

Defendant's counsel (the public defender) has filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) contending that after conscientious examination of the record and transcript of the proceedings it is counsel's opinion that the appeal is wholly frivolous. Counsel has accompanied this request with a brief setting forth anything in the

record that might arguably support the appeal and has furnished a copy of same and a letter explaining same to the defendant advising him that he may raise any additional points pro se.

Defendant's enumeration of error is that the trial court manifestly abused its discretion in revoking three years of the probated sentence. Counsel's argument is that it appears that the defendant has an alcohol abuse problem and sentencing him to prison is certainly not conducive to curing the problem. Further, the defendant was actively attempting to abide by the conditions with reference to the payment of the fine and restitution but his sudden unemployment made him unable to carry out his duties. For these reasons it is contended that the trial court manifestly abused its discretion in revoking three years of the probated sentence.

After careful examination of the record and transcript which discloses that he was arrested for disorderly conduct, fighting and when arrested his clothes were bloody and torn, he was bleeding from the mouth and he admitted to the officer that he had been in a fight although it wasn't his fault, and there was an odor of alcoholic beverages on his person although he didn't appear to be intoxicated, we are in agreement with counsel that the appeal is wholly frivolous. We, therefore, granted the motion of counsel to withdraw. The defendant has been notified of this action and of his options by reason thereof.

Since the withdrawal of counsel, defendant has raised no further enumerations of error or valid ground for appeal. Having fully examined the record and transcript to determine independently if there are any meritorious errors of law, we have found none. We are satisfied that there was slight evidence sufficent for the trial court to revoke the sentence of probation. *Kellam v. State,* 154 Ga. App. 561 (269 SE2d 493); *Malcom v. State,* 162 Ga. App. 587, 588 (291 SE2d 756); *Dingler v. State,* 162 Ga. App. 883, 884 (293 SE2d 467).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 4, 1984.

*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.