## 69119. CORDLE v. THE STATE.
(326 SE2d 557)

CARLEY, Judge.

Appellant, a probationer, violated the terms of his probation. Following a revocation hearing, appellant was ordered to serve thirty days in confinement and then to return to probation and serve the remainder of his sentence at the Rome Diversion Center. As a part of the rehabilitation program at the Diversion Center, employment for appellant was located at a nearby plastics plant. Appellant was scheduled to work at the plant 3 twelve-hour days, followed by three days off. However, under the rules and regulations of the Diversion Center, residents were required to work on their days off if needed by their employers. Subsequently, appellant violated the rules of the center when, on two separate occasions, he refused his employer's request that he work on a day off, and was thereafter fired from his job. Another probation revocation hearing was held, and appellant was ordered to serve the remainder of his sentence in the Floyd County Jail. He appeals.

Appellant does not dispute that by refusing to work on his day off, he knowingly violated the Diversion Center rules. Compare *Harp v. State,* 169 Ga. App. 670 (314 SE2d 686) (1984). Appellant merely asserts that the trial court abused its discretion by revoking probation on the basis of a violation of such probationary terms as required him to work overtime "at a dangerous occupation" while "fearing for his safety."

Even assuming that it would have been an abuse of the trial court's discretion to revoke appellant's probation under such circumstances, there was evidence that the reason appellant refused to work overtime was not based upon fears for his safety. Appellant testified at the revocation hearing that he simply "didn't feel like working"

and that he "didn't want to work on [his] off days." Officials at the Diversion Center also testified that appellant had stated on the days in question that he refused to work because he did not feel like he was required to work on his days off. When appellant was informed that, in fact, he was required to work, he stated that he would rather be in jail than work on his days off.

Only slight evidence is necessary for the trial court to revoke a sentence of probation. *Crawley v. State*, 169 Ga. App. 442 (313 SE2d 142) (1984). " 'This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court. [Cits.]' " *Scott v. State*, 131 Ga. App. 504, 505 (206 SE2d 137) (1974). We find no abuse of the trial court's discretion.

*Judgment affirmed. Birdsong, P. J., and Beasley J., concur.*

DECIDED JANUARY 29, 1985.

*Anthony R. DeStefano*, for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney*, for appellee.